JOHN A. FOWLER et al. *v.* THEODORE FOWLER et al.

JAMES A. MERRITT, Respondent, *v.* JOHN A. FOWLER, Impleaded, etc., et al., Appellants.

COSTS — DISTRIBUTION OF MONEYS IN PARTITION ACTION. Motion costs and disbursements, and not costs as in an action, are allowable in a proceeding for the distribution, among lienors, of moneys in the hands of a referee arising from a sale in an action of partition.

Mem. of decision below, 86 Hun, 619.

(Argued November 25, 1895; decided December 10, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 11, 1895, which affirmed an order of Special Term denying a motion to vacate an order directing the payment of certain moneys in · the hands of a referee to the respondent, James A. Merritt.

The material facts are stated in the opinion.

*Isaac N. Miller* for appellants. The court had no power to award costs as in an action. (Code Civ. Pro. §§ 1015, 3236, 3251; *Concklin* v. *Taylor*, 68 N. Y. 221; *Bishop* v. *Hendrick*, 82 Hun, 324.)

*William H. Beam* for respondent. The referee awarded costs to all attorneys who appeared, whether their claims were successful or not. The costs to the respondent included the fees of the referee. In the disposition of the fund in its custody the court had a right to impose the expense of ascertaining the proper claimants upon the fund. Had no costs or disbursements been awarded the respondent would have had the benefit, and any surplus would have gone to the claimant Balet, adjudged to be entitled to be paid secondly. Neither respondent nor Balet complain, and in no possible event could the appellants be benefited. As to them this award is entirely immaterial. (*F. L. & T. Co.* v. *B. & M. T. Co.*, 119 N. Y. 15.) If the referee erred in awarding costs his decision and that of the Special Term in confirming the

85

report could not be cured by a motion, but can only be reached by an appeal from the report and order of confirmation. (*Losee* v. *Ellis*, 13 Hun, 655; *Clark* v. *City of Rochester*, 34 N. Y. 355; *McGregor* v. *McGregor*, 32 N. Y. 479; *Rosa* v. *Jenkins*, 31 Hun, 384.) This proceeding was in the nature of a special proceeding, and, under section 3240 of the Code of Civil Procedure, the court had discretion to award costs as in an action. (*Greason* v. *Keteltas*, 17 N. Y. 498; *McKeon* v. *See*, 51 N. Y. 300.)

HAIGHT, J. The appeal book in this case is improperly entitled: In the action of *Merritt* v. *Fowler*. The order appealed from is entitled as above indicated in both actions. The order, however, pertains to the action of *Fowler* v. *Fowler*, which is the proper title.

That action was for the partition of real estate in which a judgment had been entered appointing one Wilbur Larremore referee to make a sale. A sale had been made and a portion of the purchase price paid over to the referee when Merritt, the respondent, in an action brought by him against Fowler, procured an attachment and caused the same to be levied upon Fowler's interest in the hands of the referee or under his control, and to which he was entitled. The action of *Merritt* v. *Fowler* then proceeded to judgment, after which an execution was issued to the sheriff, who made a demand upon the referee to pay over the amount in his hands belonging to Fowler, or sufficient thereof to satisfy the execution. This the referee refused to do without an order of the court. Thereupon motion was made for such order, notice thereof being given to Fowler and all persons having or claiming a lien upon the funds. The usual order of reference was had. The referee made his report and the same remained on file in the clerk's office for the period of eight days; it was then confirmed and the order sought to be set aside made without further notice to the appellants. No exceptions were filed to the referee's report by either of the appellants. Some irregularities are complained of, but we think they were properly

disposed of in the courts below. The only error discovered by us pertains to the allowance of costs as in an action. In reference to this it is urged that the order does the appellants no harm upon the ground that if a surplus should remain after payment of the respondent's claim it would go to another lienor who has not appealed. But we think this court ought not to permit the order to stand and thus become a precedent which may be misleading in the future. This is a proceeding in an action and not a special proceeding. It is a motion to distribute moneys in court in the hands of its referee, and the practice pertaining thereto is analogous to that of the distribution of surplus funds in foreclosure actions. Costs allowable in such proceedings are motion costs and disbursements, and not costs as in an action. (*McDermott* v. *Hennesy*, 9 Hun, 59; *German Savings Bank* v. *Sharer*, 25 Hun, 409.)

The order appealed from should be modified as to the allowance of costs so as to conform to the views herein expressed, and as so modified affirmed, without costs of this appeal to either party. If the parties are unable to agree as to the amount of the costs and disbursements that should be inserted in the order, the same may be fixed by the Special Term.

All concur.

Ordered accordingly.