(27 Misc. Rep. 30.)

## SHERWOOD et al. v. ELLENSTEIN et al.

(Supreme Court, Special Term, New York County.  March, 1899.)

FORECLOSURE—RIGHT OF DEFENDANT LIENOR TO COMPEL CONTINUANCE.
A judgment creditor, defendant in foreclosure, whose lien has become barred pending suit, cannot compel plaintiff to continue the prosecution for his benefit.

Suit by Nancy L. Sherwood and another against Abraham Ellenstein and others.  Motion to discontinue the action without costs, and to cancel notice of lis pendens filed therein.  Granted.

Moses J. Sneudaria (Gross & Sneudaria, of counsel), for the motion.
Theodore H. Friend, opposed.

GIEGERICH, J.  Discontinuance of an action for the foreclosure of a mortgage is resisted by a judgment creditor defendant, whose lien upon the mortgaged premises, which was alive at the commencement of the action, has now ceased because of the lapse of 10 years.  Code Civ. Proc. § 1251; In re Harmon, 79 Hun, 226, 29 N. Y. Supp. 555; Nutt v. Cuming, 155 N. Y. 309, 49 N. E. 880.  I do not think that a right to resist the discontinuance is thus presented.  The creditor might, perhaps, have had a lien on the surplus by virtue of his standing at the commencement of the action, but its pendency did not preclude him from enforcing his execution, and his failure

to enforce it was at the risk that the action might not be pros-
ecuted. Certainly, he cannot compel the parties to continue the
prosecution in order to enable him to discover if there may be a sur-
plus; and, at most, for the plaintiff's failure to prosecute, this de-
fendant might finally take a dismissal of the complaint, with costs.
This, however, would not aid his asserted lien, and at the present
time it is not apparent that the discretion of the court should be
exercised in his favor so far as to give him costs in any amount, for
he has not been called upon to do anything. The opposition to the
motion is not reasonable, and the application is accordingly granted,
with $10 costs.