. In the Matter of the Opening of CRESCENT AVENUE, from Arthur Avenue to East One Hundred and Eighty-seventh Street in the City of New York.

BARCLAY E. V. McCARTY et al., Composing the. Partnership of. McCARTY & BALDWIN, Appellants; EMPIRE CITY SAVINGS BANK, Respondent.

NEW YORK (CITY OF) — AWARD FOR LANDS TAKEN FOR MUNICIPAL PURPOSES, CLAIMED BY TWO OR MORE LIENORS — HOW. CONTROVERSY SHOULD BE DETERMINED. Where part of lands covered by a mortgage has been taken in condemnation proceedings by the city of New York and the mortgagee petitioned the Special Term for an order directing the comptroller of the city to pay the amount awarded to such mortgagee less taxes and assessments due the city and deducted therefrom with the consent of the owner, to be applied to the payment of the principal and interest due upon the mortgage, and the attorneys for the owner, who had previously filed with the comptroller a lien upon the award for professional services rendered in the condemnation proceeding, submitted an affidavit challenging the jurisdiction of the Special Term and denying the important allegations of the petition, the Special Term has jurisdiction under section 1001 of the charter of the city of New York (L. 1901, ch. 466) to determine the controversy, but commits reversible error in granting the order upon the papers submitted; the issues raised by the petition and affidavit should be tried by the Special Term or sent to a referee to take the proof and report the same to the court with his opinion.

*Matter of Crescent Avenue*, 107 App. Div. 616, reversed.

(Argued October 5, 1905; decided October 24, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1905, which affirmed an order of Special Term authoriz-

·ing and directing the comptroller of the city of New York .to pay to the respondent herein a sum of money remaining in his possession out of an award made in the above-entitled proceeding to one Margaret Stonebridge.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Barclay E. V. McCarty* and *Jared G. Baldwin, Jr.*, appellants, in person. The Special Term had no power to make the summary order that was affirmed by the final order of the Appellate Division now under review. (*Matter of Regan*, 167 N. Y. 338; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521, 526; *Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Bailey* v. *Murphy*, 136 N. Y. 50, 51; *Deering* v. *Schreyer*, 171 N. Y. 451; *Pilkington* v. *B. H. R. R. Co.*, 49 App. Div. 22; *Riglander* v. *Star Co.*, 98 App. Div. 101.)

*Charles W. Dayton* and *Joseph E. Bullen* for respondent. The court had jurisdiction to make the order. (*Delap* v. *City of Brooklyn*, 3 Misc. Rep. 22; 144 N. Y. 265; *Engelhardt* v. *City of Brooklyn*, 3 Misc. Rep. 30; *Hill* v. *Wine*, 35 App. Div. 520; *Matter of New York City*, 92 App. Div. 523; 179 N. Y. 497; *Matter of City of New York*, 91 App. Div. 532; *Matter of City of New York*, 91 App. Div. 553.)

BARTLETT, J. On November 14th, 1896, the city of New York instituted this proceeding under the Consolidation Act to condemn for the purposes of a public street land now known as Crescent avenue, from Arthur avenue to East 187th-street, in the borough of the Bronx.

Margaret Stonebridge was the owner of part of the land taken in the proceedings, and also of other lands assessed for benefits thereon. The appellants herein, McCarty and Baldwin, were retained in March, 1897, to represent Mrs. Stonebridge in this proceeding as her attorneys, and from that time to the confirmation of the report of the commissioners on April 23rd, 1903, rendered her certain services alleged to be of the value of $949.36. On January 30th, 1903, the appel-

lants duly filed in the office of the comptroller of the city of New York a lien upon the awards made in favor of Mrs. Stonebridge.

The petitioner in this proceeding, the Empire City Savings Bank, is the alleged holder of two mortgages covering premises belonging to Mrs. Stonebridge, one for the sum of $6,500.00, and the other for the sum of $4,000.00. The $6,500.00 mortgage covers a triangular piece of land coming to a point at the junction of Arthur avenue and Crescent avenue. The $4,000.00 mortgage covered other portions of Mrs. Stonebridge's land and is not involved in this proceeding save incidentally as hereinafter stated.

The city of New York did not take in the condemnation proceedings the entire property covered by the $6,500.00 mortgage.

On November 30th, 1904, the Empire City Savings Bank served upon the appellants a notice of motion, petition and affidavit, wherein it set up the facts constituting its claim and prayed that an order be made authorizing and directing the comptroller of the city of New York to pay the sum of $6,558.54 now remaining in the possession of the comptroller to the end that the said sum may be applied to the payment of said mortgages and interest due thereon.

The award made to Mrs. Stonebridge for the land covered by the $6,500.00 mortgage and the piece not taken as aforesaid was $9,255.57. The city of New York had, with her consent, deducted from that award certain taxes, assessments and water rates and the balance remaining in the possession of the comptroller was the said amount of $6,558.54.

The appellants submitted an opposing affidavit, challenging the jurisdiction of the Special Term to dispose of the questions presented and denying in detail the important allegations of the petition. The Special Term made an order granting the prayer of the petition, which was affirmed by the Appellate Division.

We are of opinion that the Special Term had jurisdiction in this proceeding to determine the controversy between these

parties. At the time this condemnation proceeding was instituted under the Consolidation Act, section 992 thereof permitted, in case of neglect or default in payment of an award as therein provided, the person interested to sue for and recover the same.

Section 1001 of the present charter of the city of New York provides for damages for land taken. Among other provisions is the following: " The person or persons to whom awards shall be made in such proceedings, and the person or persons in whose favor costs and expenses may be taxed, shall not have an action at law against The City of New York for such awards, costs, or expenses, but the court in which said proceedings have been had, upon the application of any such person or persons, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall require and direct the comptroller to pay said awards, costs, and expenses from the said fund, and enforce said order or mandate in the same manner as other orders and mandates of said court are enforced."

As these sections deal simply with the remedy, it was proper for the petitioner herein to proceed by applying to the Special Term.

The rights of these parties are worked out through Mrs. Stonebridge and her award.

We are, however, of opinion that an improper disposition of this application was made by the Special Term to the possible prejudice of the appellants.

The appellants raise several points which may be briefly stated: (1) That the petition and diagram annexed thereto showed that there still remained subject to the lien of the alleged $6,500.00 mortgage other lands in addition to that for which the award resulting in the $6,558.54 fund was made; it is insisted that the value of the additional land should be ascertained; (2) that it also appears that the award, of which $6,558.54 is the balance, was made not only for land covered by the $6,500.00 mortgage, but for other land as well, and that the deduction from that award of certain taxes, assess-

2

ments and water rates was chargeable in part to property not covered by the $6,500.00 mortgage; (3) that the appellants were afforded no opportunity of attacking the existence of the $6,500.00 mortgage, the amount due thereon and other issues raised by their affidavits, unnecessary to mention in detail, in view of the conclusion we have reached.

The issues raised by the petition and affidavits should be tried by the Special Term, or sent to a referee to take the proof and report same to the court with his opinion.

The orders of the Appellate Division and Special Term should be reversed, with costs to the appellants in all the courts as against the respondent, the Empire City Savings Bank.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Orders reversed, etc.