TERRY et al. v. FULLER et al.

(Supreme Court, Special Term, New York County. October 12, 1908.)

1. MORTGAGES—FORECLOSURE—SURPLUS—LIENS.

A judgment being a lien on land, when the land is sold under a mortgage it becomes a lien on the surplus produced by the sale, and is entitled to share therein, though more than 10 years elapse after the judgment is docketed before the surplus money proceedings are commenced.

2. SAME—COSTS.

The successful moving party only, in proceedings to obtain the surplus money from sale of land under a mortgage, is entitled to motion costs and disbursements, to be paid out of the fund.

Action by John T. Terry and others against Charles H. Fuller and others. Motion is made to conform a referee's report. Modified and confirmed.

Matthew J. Wheelehan, for the motion.
Peter Mitchell, opposed.

GIEGERICH, J. The only exception which seems to require consideration is that to the refusal of the referee to find that the defendant Fuller is entitled to share in the surplus by reason of the judgments which he held by assignment. The referee held that the judgments were liens on the land at the time of the sale, yet, as more than 10 years had elapsed after they were docketed before the surplus money proceeding was commenced, they had then ceased to be liens on the fund; and he cites Nutt v. Cuming, 155 N. Y. 309, 49 N. E. 880, as necessitating that conclusion. I do not think that case is in

point. It was there held that a judgment must be a lien on the land at the time of the sale in order to become a lien on the surplus produced by its sale, and that condition is fulfilled in the present case. This would lead to the award of the surplus to the defendant Fuller, who, the referee finds, was the holder by assignment of judgments which exceeded in amount the whole surplus realized on the sale. But, while there seems to have been sufficient evidence to sustain the referee's finding of the assignment to Fuller of the judgment for $277.73, I have been unable to find any evidence whatever in the minutes showing or tending to show that he had any title to or interest in the judgment for $102.63.

As I think the conclusions of the referee were otherwise correct, his findings should be so modified as to award payment of $277.73, with interest thereon from October 30, 1890, to the defendant Fuller, and the balance of the surplus, if any, to John M. Pryse, the assignee of Alexander Lutz. All other objections should be overruled, and the report, as modified, confirmed, with $10 costs of this motion and disbursements to the moving party only, to be paid out of the fund before distribution. See Am. Mort. Co. v. Butler, 36 Misc. Rep. 253, 73 N. Y. Supp. 334.