HOUSE et al. v. AMSDELL BREWING & MALTING CO. et al.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. COSTS (§ 172*)—AMOUNT—ATTORNEY'S FEES—PROCEEDING SUPPLEMENTARY TO ACTION.

    A mortgage provided that the proceeds of a sale should be applied to payment of the costs of the sale, including a reasonable fee to the trustees, their agents and attorneys. The property was sold on foreclosure, and the proceeds directed to be paid to the referee for the parties interested. The judgment also provided that the trustees might apply for an order to ascertain the bondholders and the amount due each, and allowed the trustees a sum for their own and their attorney's services, and an additional allowance of costs. *Held*, that a subsequent proceeding to ascertain the bondholders and to distribute the fund to them, they not being parties to the action, was a special proceeding, and not a proceeding in the action to foreclose the mortgage, and the trustees were entitled to an allowance for attorney's fees therein, the allowance in the judgment of foreclosure not including such fees.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 674; Dec. Dig. § 172.*]

2. DEPOSITS IN COURT (§ 12*)—DISTRIBUTION—COSTS.

    The necessary expenses incurred in ascertaining the owners of funds deposited in court for distribution, and in making proper disposition thereof, are chargeable on the funds.

    [Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 13; Dec. Dig. § 12.*]

Appeal from Special Term, New York County.

Action by Joseph S. House and another, as trustees, against the Amsdell Brewing & Malting Company and others. From an order denying an allowance of costs to plaintiffs' attorneys, plaintiffs appeal. Reversed, and remanded for further consideration.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Rosendale & Hessberg (Albert Hessberg, of counsel), for appellants. John H. Gleason, for respondents.

JOHN M. KELLOGG, J.   The plaintiffs, as trustees for the mortgage bondholders, obtained a judgment for the sale of the mortgaged premises, and directing the proceeds of sale to be applied to the costs of the action, and that the referee retain, subject to the further order of the court, the amount stated to be due upon the mortgage, and that he pay the surplus, if any, to the county treasurer.   The judgment further provided that the plaintiffs, the referee, or any interested party, after the confirmation of the sale, may at the foot of the judgment apply for such further order or supplemental judgment as may be proper for the purpose of ascertaining the holders of the various bonds and coupons and the amount due to each thereon, and for such further order as may be necessary and proper.   There was allowed to the plaintiffs by the judgment in the action an additional allowance of costs of $750.   After the costs were paid, the sale confirmed, and the proceeds were in the hands of the referee, the plaintiff, as trustee for the bondholders, applied upon the foot of the judgment for an order of reference to have it determined who the bondholders were and the amount due to each respectively.   A referee was appointed, the hearing had, and the amount due the respective bondholders ascertained, and upon the application for distribution of the funds among the bondholders the plaintiff asked an allowance of costs for the services performed by his attorneys upon such reference. · The Special Term denied the application for an allowance upon the ground that the proceeding was a proceeding in the action and not a special proceeding, and that the court has no power to grant the same, and awarded to the plaintiff only motion costs.   In the memorandum filed the court placed its decision upon Fowler v. Fowler, 147 N. Y. 673, 42 N. E. 343.   In that case the court held that in an action of partition an application for payment of the shares of one of the tenants in common was not a special proceeding, but was a proceeding in the action.   The object of that action was to divide the land or its proceeds among the various owners according to their respective interests.   The object of this proceeding is to divide moneys in court among different owners after they are ascertained.   The object of the original action was not to divide the mortgage or mortgage moneys among the respective bondholders, but was a proceeding by the trustee of the mortgage to foreclose the mortgage and deprive the mortgagor of any equity of redemption in the mortgaged premises.   The real object of the action was accomplished when the premises were sold and the money paid into the hands of the trustee, or into the hands of an officer of the court for the benefit of the parties interested.   The distribution of the moneys among persons not parties to the action is outside of the action and not a part of it.   In Velleman v. Rohrig, 193 N. Y. 439, 86 N. E. 476, it was held that an order for the distribution of surplus moneys in foreclosure is a special proceeding and not a proceeding in the action.

We may assume without further consideration that the statement made by counsel upon both sides on the argument that, when the order of confirmation of sale was made and the proceeds of sale received by the referee, and the balance held by him for distribution among the bondholders, the services of the plaintiffs' attorney in the action had terminated, and that they or the plaintiffs were not required to do any other act on account of the costs and allowances which had been made them in the action or on account of their relations to the action. The various bondholders were not parties to the action, and the proceeding taken to determine who they were and the amount of their respective claims was not a proceeding between the parties to that action, but was in fact instituted by the trustee for the purpose of ascertaining to whom the distribution of the moneys should be made. The proceeds of the mortgaged premises were in court in the hands of an officer of the court, and he was charged with the duty of making proper distribution. The trustee for the bondholders felt, and properly, that it was proper for him to institute an inquiry as to the parties who were entitled to receive the money which he had caused to be brought into court by a foreclosure of the mortgage. And he instituted the inquiry pursuant to the terms of the judgment.

The mortgage foreclosed provided that the proceeds of sale should be applied "to the payment of the costs and expenses of such sale or sales, including a reasonable compensation to such trustees, their agents, attorneys, and counsel." By the judgment of foreclosure the trustees were allowed $100 for their services, but the allowance to them and to their attorneys in that judgment did not include compensation for services which might be rendered in ascertaining to whom the money in court should be distributed, as it was not known that the application would be made by the plaintiffs or their attorneys, and the same could be made by any party in interest. If made by the plaintiffs, they were at least entitled to the same treatment as would be accorded to any other person who rendered the service. It is clear, therefore, that the allowance made in the judgment of foreclosure did not cover the services which have since been rendered in distributing the moneys in the hands of the court. Where moneys are in the hands of the court for distribution among unknown owners, the expenses incurred in ascertaining who the owners are and providing for a proper distribution among them is a proper charge upon such moneys; and the court when distributing money may grant proper compensation for services necessarily rendered in such distribution. The denial of the motion upon the ground of the want of power was therefore erroneous, and the order should be reversed, and the matter remitted to the Special Term for further consideration.

Order reversed with $10 costs and disbursements, and matter remitted to the Special Term for further consideration. All concur.

COCHRANE, J. I concur in the result on the ground that independently of statutory provisions the court has inherent power to make an allowance to the trustee for its necessary expenses. Woodruff v. New York, Lake Erie & Western Railroad Company, 129 N. Y. 27,

29 N. E. 251; Downing v. Marshall, 37 N. Y. 380, 388; Wetmore v. Parker, 52 N. Y. 450, 566; Shepard v. Manhattan Railway Company, 72 App. Div. 132, 76 N. Y. Supp. 269.

CHESTER, J., concurs.