THOMAS S. WALKER and Others, Plaintiffs, *v.* MICHAEL CARROLL and Others, Defendants.

Supreme Court, New York Special Term, June 7, 1923.

Mortgages — foreclosure — application to confirm referee's report in surplus money proceeding — surplus money proceedings are special proceedings and not proceedings in action to foreclose mortgage — notice of lien filed twenty-two years after docketing judgment — presumption of payment — application denied.

Surplus money proceedings are special proceedings, and not proceedings in an action to foreclose a mortgage.

Accordingly, an application to confirm a referee's report in a surplus money proceeding arising out of foreclosure of a mortgage therein will be denied where the petitioner filed a notice of lien to the surplus money twenty-two years after the docketing of a judgment, upon which the lien was predicated, since at the time she filed the notice of lien there was no lien by force of such judgment on the surplus money as more than ten years had expired at that time.

Moreover, there is a conclusive presumption of the payment of the judgment on which the alleged lien is predicated, since more than twenty years has expired since the judgment could be enforced.

APPLICATION to confirm a referee's report in a surplus money proceeding.

*Bernard Cowen,* for Eliza Guggenheimer, as executrix of Julius Katzenberg, deceased.

DAVIS, J. This is an application to confirm a referee's report in a surplus money proceeding. The judgment of foreclosure was filed September 21, 1904. The sale of the property took place October 18, 1904. On November 18, 1904, the referee, pursuant to the terms of the judgment, deposited the surplus moneys arising from the foreclosure sale, amounting to $399.77, with the chamberlain of the city of New York. The referee's report of sale was filed November 21, 1904.

It appears that on April 4, 1900, a judgment against one Michael Carroll in favor of the German-American Real Estate Title Guarantee Company for $5,067.80 was docketed in the office of the clerk of the county of New York. On April 18, 1900, this judgment was satisfied on an execution returned by the sheriff to the extent of $416.48. Michael Carroll was the owner of the premises at the time of the foreclosure action. The receiver of the German-American Real Estate Title Guarantee Company was made a party to the foreclosure action, such corporation having been dissolved at that time. Pursuant to order of the court in the dissolution proceedings the receiver sold on February 26, 1904, to

one J. Katzenberg for $25 various property of the corporation, consisting of stocks and bonds and judgments in favor of the corporation, including the judgment heretofore named, on which at such time there was uncollected the sum of $4,651.32. On March 19, 1907, letters testamentary were issued to one Eliza Guggenheimer upon the estate of Julius Katzenberg, deceased. On February 20, 1923, the said executrix filed a notice of claim to the surplus money, said claim being based on the judgment heretofore mentioned. Though Carroll, the owner of the premises at the time of the foreclosure action, did not appear at the reference, and notwithstanding there appears to be no other claimants or lienors than the claim of the petitioner executrix, excluding, of course, the right of Carroll, if any, as owner of the equity of redemption, I feel constrained to deny the application to confirm the referee's report.

Surplus proceedings are special proceedings, and not proceedings in the action brought to foreclose a mortgage. *Velleman* v. *Rohrig*, 193 N. Y. 439; *House* v. *Amsdell Brewing & Malting Co.*, 133 App. Div. 486–488. Though the judgment in favor of the title company against Carroll was a lien on the surplus money at the time of the foreclosure sale, that lien had expired at the time the executrix filed her notice of lien to the surplus money, as more than ten years had expired at that time since the docketing of the judgment in 1900, upon which the lien was predicated. In fact, twenty-two years had elapsed. The right of the executrix was not extant at the time she filed the notice of lien and commenced these proceedings, as there was no lien by force of such judgment on such surplus money. *Nutt* v. *Cuming*, 155 N. Y. 309 (see, also, dissenting opinion, p. 315). Moreover, there is a conclusive presumption of the payment of the judgment in question. *Brinkman* v. *Cram*, 175 App. Div. 372; affd., 225 N. Y. 720; *Jacobs* v. *Del Genovese*, 179 App. Div. 163. For the foregoing reasons, the petitioner had no legal right to file the notice of lien and institute these proceedings.

Motion to confirm the referee's report is denied. Settle order on notice.

Ordered accordingly.