ROBERT D. DOUGLASS and Others, as Surviving Executors of the Last Will and Testament of ROBERT G. DUNN, Deceased, Plaintiffs, *v.* MARY R. CHISHOLM and Another, Individually and as Executors of the Last Will and Testament of ELLEN M. CHISHOLM, Deceased, and Others, Defendants.

Supreme Court, New York County, July 9, 1931.

*Leibowitz & Leibowitz* [*Milton Hertz* and *Benedict S. Rosenfeld* of counsel], for the petitioners.

*Isaac Gluckman* [*Bernard Cowen* of counsel], for Brown, Wheelock, Harris, Vought & Co., Inc., claimant.

*Frank T. Warburton*, for Henry F. Wilson, executor of Mary R. Chisholm, claimant.

*Herbert B. Smith* [*Francis Dean* and *Herbert B. Smith* of counsel], for Ralph T., Rollin C. and Herbert B. Smith, claimants.

I. MAURICE WORMSER, Referee. The facts are elaborated upon sufficiently in the findings of fact annexed to my report. It will be noted that I have not seen fit to adopt the proposed findings of fact and conclusions of law *in toto* submitted by either side, though with certain modifications and alterations I have adopted substantially the proposed findings of fact and conclusions of law submitted by the attorneys for the petitioners.

An important point of law is involved which demands brief consideration. In my opinion, judgments over ten years old cease to be liens upon real estate, and, therefore, are not payable out of a surplus in surplus money proceedings wherein the surplus moneys stand in place and stead of the real estate. (*Walker* v. *Carroll*, 123 Misc. 712, 713, per DAVIS, J., at Special Term of the Supreme Court, New York county, June 7, 1923; affd., 209 App. Div. 816, by Appellate Division, First Department, May 23, 1924, no opinion; also, *Matter of Harmon*, 79 Hun, 226; *Nutt* v. *Cuming*, 155 N. Y. 309; *Floyd* v. *Clark*, 16 Daly, 528.)

In *Walker* v. *Carroll* (*supra*) the late Mr. Justice VERNON M. DAVIS, subsequently a member of the Appellate Division, First Department, stated the rule as follows: " Surplus proceedings are special proceedings, and not proceedings in the action brought to foreclose a mortgage. (*Velleman* v. *Rohrig*, 193 N. Y. 439; *House* v. *Amsdell Brewing & Malting Co.*, 133 App. Div. 486–488.) Though the judgment in favor of the title company against Carroll was a lien on the surplus money at the time of the foreclosure sale, that lien had expired at the time the executrix filed her notice of lien to the surplus money, as more than ten years had expired at that time since the docketing of the foreclosure judgment in 1900." The decision of Mr. Justice DAVIS was unanimously affirmed by the Appellate Division, First Department.

At the hearing and in the able brief submitted on behalf of the claimants Smith and others, some stress is laid on the circumstance that Justice DAVIS' opinion makes some passing reference to the fact that the judgments therein were twenty-two years old. This is true, but it is clear from the language of the opinion, above quoted, and from an examination of the case on appeal and briefs in the Appellate Division, that the decision was fundamentally rested on the controlling circumstance that the lien of the judgments upon the surplus money had expired because more than ten years had elapsed. Indeed, this was ruled as early as the case in Daly's Reports above cited, wherein it was ruled: " Judgments over ten years old are not liens on the surplus. They are not liens on the real estate of the judgment debtor."

The case of *Terry* v. *Fuller* (60 Misc. 562), mainly relied upon

by the claimants Smith and others, is merely a Special Term opinion, did not go up on appeal, has never been thereafter cited, and the opinion contains no reference to any statute or authority in support of the legal expressions contained in it.

Nor does the case of *Treacy* v. *Ellis* (45 App. Div. 492) aid the position of the said claimants, for the decision had to do only with the determination of the interests of a cotenant and his judgment creditors in a partition action. And at page 495 of 45 Appellate Division the court carefully distinguished the rule established in foreclosure cases, such as the proceeding at bar, citing *Nutt* v. *Cuming* (*supra*). *Treacy* v. *Ellis* was relied on by the unsuccessful appellant in the Appellate Division, First Department, in *Walker* v. *Carroll* (*supra*) which, in affirming the ruling of Mr. Justice DAVIS, at Special Term, obviously rejected the *Treacy* case as an authority on the question of surplus following a foreclosure sale.

As to the judgments docketed in May, 1931, long subsequent to the sale which gives rise to the surplus moneys herein, it is clear that these judgments are not liens against the same, for only those judgments and liens which existed upon the property at the time of the sale constitute liens against the surplus moneys. (*Nutt* v. *Cuming, supra; Walker* v. *Carroll, supra.*) Furthermore, these judgments fail as a lien against the surplus moneys for other reasons, pointed out at the hearing and in the findings of fact and conclusions of law submitted herewith.

Quite apart from the foregoing points of law, the petitioners urge that the original judgments and one of the 1931 judgments of claimants Smith and others were obtained by " fraud and collusion." It is true that the testimony adduced on behalf of the Smith claimants is highly unsatisfactory, improbable and unconvincing. The circumstances surrounding the many confessions of judgments, one after another, were insufficiently explained. No documentary, or for that matter any satisfactory, evidence to establish the passing of money or other valuable consideration to the Chisholms was adduced. No canceled checks, vouchers or written memoranda of any kind were produced. The same attorney, Mr. Smith, acted for both parties, viz., the Chisholms and the Smiths, the respective alleged debtors and creditors. Mr. Smith is financially interested in the outcome. The circumstances surrounding the entry of the confession judgments are peculiar and unusual, since it is not unreasonable to suppose that an attorney, securing large sums of money for his clients from his own family, would demand some agreement for further protection.

Subsequent to the foreclosure sale and the deposit of large surplus

funds over fifteen years ago, Mr. Smith, who knew of the existence thereof, did nothing until after the deaths of both Mary R. Chisholm and Walter Chisholm, for which no satisfactory explanation is vouchsafed. In his subsequent conversations and dealings with Mrs. Nellie C. Chisholm, the widow of Walter Chisholm, and with Frank Warburton, a reputable attorney of long standing at the bar, Mr. Smith concealed the facts from them, which is fully established in their respective testimony, which I find to be true in all respects. At the hearing before me on March 16, 1931, the statements of Mr. Smith were inconsistent with his testimony at the hearing before me on May 25, 1931. (Cf. S. M. pp. 28, 29, and pp. 143, 144 *et seq.*) There probably never was a case of circumstantial evidence that could not be blown to the four winds by taking up each item separately and dismissing it with the conclusion that it alone does not prove the case. While I have refused to find the petitioners' thirtieth proposed finding, viz., " That Herbert B. Smith was engaged in a scheme to defraud Ellen H. Chisholm, Mary R. Chisholm and Walter Chisholm," I do find, as noted after said proposed finding, that " Smith's testimony was not full, frank and satisfactory, such as an experienced attorney of long standing should give." I likewise find and hold that no satisfactory and convincing proof was adduced before me sufficiently to establish that any money or other valuable consideration was ever received from the Smiths by the Chisholms in exchange for the confessions of judgments on which all of the judgments referred to (except the two for costs) were rendered, and that the said judgments were not proven lawful and valid.

It is conceded in the reply brief submitted for claimants Smith (p. 13): " It may also be that Mr. Smith did not tell Mr. Warburton anything about the surplus moneys." It is argued, however, that Mr. Smith " was under no obligation to mention the surplus fund " (p. 13). Judged by the standards of the " bargain counter," this may well be true. But attorneys are held to a higher degree of good faith, honesty and fair dealing in their transactions.

In surplus money proceedings the referee has the right, and is under the duty, to consider the status of such things as these, and has ample jurisdiction to pass upon and determine them. (*Kirby* v. *Fitzgerald*, 31 N. Y. 417; *Bergen* v. *Carman*, 79 id. 146, 151, 152.) As the Court of Appeals said in the case last cited, which was a surplus money proceeding before a referee: " Where jurisdiction of a court of equity is once acquired, such court, as a general rule, has the right to proceed and do justice between all the parties."

For the foregoing reasons, both upon the law and the facts, I conclude that the claims of Ralph T. Smith, Rollin C. Smith and

Herbert B. Smith, as more fully described in their notice of claim, dated May 28, 1931, against the surplus moneys herein, should be disallowed in their entirety.

It follows and I hereby respectfully recommend that the surplus moneys should be disposed of as follows:

(a) Brown, Wheelock, Harris, Vought & Co., Inc., are entitled to $1,050 of the surplus moneys herein, together with interest accrued thereon at such rate as has been credited by the city chamberlain down to the date of payment;

(b) Henry F. Wilson, as executor of the estate of Mary R. Chisholm, is entitled to two-thirds of the surplus moneys herein, after the deduction of the aforesaid claim of Brown, Wheelock, Harris, Vought & Co., Inc.;

(c) Nellie C. Chisholm and John J. Cahill, as executors of the last will and testament of Walter Chisholm, deceased, the petitioners, are entitled to the remaining one-third of the surplus moneys herein, after deduction of the aforesaid claim of Brown, Wheelock, Harris, Vought & Co., Inc.

Confirmed in all respects by Mr. Justice CAREW, January 15, 1932.