In the Matter of the CITY TRUST COMPANY.

Supreme Court, Kings County, October 12, 1934.

*A. Mark Levien,* for the Champion Coal Company, Inc.

*Michael Schneiderman, in pro. per.*

*Wasserman & Erenstoft,* for Manne & Atteslander.

*Hyman Walker [A. Mark Levien* of counsel], for Kogan.

*Edward S. Blackstone [A. Mark Levien* of counsel], for Sarro.

*Louis Lindauer,* for John M. Lee, Inc.

*Wayland & Bernard,* for the East River Savings Bank.

STEINBRINK, J.   The court's jurisdiction to take proof and determine the respective rights of claimants to the awards made in this condemnation proceeding cannot, in my opinion, be seriously questioned.   An examination of the language of section 981 of the Greater New York Charter (added by Laws of 1915, chap. 606) points to the conclusion that the Supreme Court has power, not only to determine the question of priority as between claims presented, but also the validity of such claims where all of the interested parties are represented.   This conclusion finds support in the decided cases.   (*Matter of Crescent Avenue,* 183 N. Y. 14; *Matter of City of New York [Public Park],* 136 App. Div. 654; *Matter of Board of Water Supply [Bell],* 179 id. 877, 880; *Matter of Sheldon,* 113 Misc. 733, 741.)   By way of analogy, attention is invited to the interpretation given to rule 262 of the Rules of Civil Practice. The courts, in applying this rule, the language of which is not as explicit as that of section 981 of the charter, have consistently held that in surplus money proceedings there exists power to pass upon the validity of conveyances.   (*Bergen v. Carman,* 79 N. Y. 146,

151; *Douglass* v. *Chisholm,* 142 Misc. 869; affd., 236 App. Div. 668; affd., 261 N. Y. 632; *Stephenson* v. *Naumann,* [Sup. Ct.] 195 N. Y. Supp. 768, not officially reported.) Let the attorneys communicate with me at the earliest possible time so that a convenient date for the taking of testimony may be fixed.