JESSICA THARRATT BEST, as Administratrix, etc., of BRINKERHOFF A. THARRATT, Deceased, Plaintiff, v. EFFIE L. PATTEN and Others, Defendants.

Supreme Court, Oneida County, January 28, 1936.

*John J. Bakerman*, for Effie L. Patten.

*Dunmore, Ferris & Burgess*, for the First Citizens Bank and Trust Company of Utica, New York, as successor to First National Bank and Trust Company of Utica, New York.

SMITH (E. N.), J. The plaintiff foreclosed a mortgage upon real estate, executed by the defendant Effie L. Patten. Pursuant to the judgment of foreclosure entered in the Oneida county clerk's office December 15, 1924, the mortgaged premises were sold on the 7th day of February, 1925. The report of sale was filed on the 21st day of April, 1925. The defendant First National Bank and Trust Company of Utica, New York, had recovered a judgment against the defendant Effie L. Patten for $179.25, entered in the office of the clerk of Oneida county on the 8th day of January, 1924, which was a lien upon the mortgaged premises subsequent to that of the mortgage.

There was a surplus of $188.14, which was paid into court by deposit thereof to the credit of the action with the county treasurer of Oneida county, which, with accumulations of interest, amounted to $247.17 as of the 1st day of July, 1935.

The certificate of the county clerk shows that on the 3d day of September, 1925, the defendant bank filed a notice of claim to said surplus, and that on the 5th day of December, 1935, more than ten years after the sale, the defendant Effie L. Patten filed a notice of claim thereto, and that no other notices of claim to said surplus have been filed.

The First Citizens Bank and Trust Company of Utica, New York, is the successor to and the owner of all the interest of said First National Bank and Trust Company of Utica, New York, in and to said claim. The latter has appeared in this proceeding and claims an interest in the surplus moneys by virtue of its claim as filed.

The defendant Effie L. Patten was the owner of the equity of redemption and claims that she is entitled to the whole of such surplus, on the ground that the judgment recovered by the First National Bank and Trust Company of Utica, New York, ceased to be a lien upon the real estate after ten years. No steps were taken for the distribution of such surplus until this motion by the defendant Effie L. Patten, owner of the equity of redemption.

The sole question here is, does the fact that the judgment, which was the basis of the claim of the successor to the judgment creditor, has ceased to be a lien upon real property, defeat its right to pursue its claim to the surplus moneys under the foreclosure judgment?

Prior to the enactment of the Revised Statutes of 1829 it was the practice to determine the validity and priorities of liens upon mortgaged premises subsequent to the mortgage being foreclosed in the judgment of foreclosure. Under this practice, conflicts between different lienors resulted in delay in the foreclosure and unnecessary and unreasonable expense and abuses in respect of claims for costs; so the provision was made whereby the judgment of foreclosure and sale would not be delayed, and that, in the event of there being a surplus, the rights to such surplus would be determined in so-called surplus money proceedings in the action. This method of procedure has come down to this date and is now set forth in section 1082 of the Civil Practice Act and in rules 261, 262 and 263 of the Rules of Civil Practice.

As I see it, the effect of this change in the practice was to obviate delay and reduce the expense of foreclosure without in any manner changing the rights of any party against the mortgagor. The determination of the rights of subsequent lienors and of the relativities and equities of those rights; and as between themselves, in and

to the amount of the equity of redemption, to wit, the surplus, was postponed. A judgment of foreclosure is always final in part and interlocutory in part; final as to determining the rights of the plaintiff under the mortgage; interlocutory with respect to the sale; final as to the amounts to be paid to the mortgagor; interlocutory with respect to the legality of the proceedings upon the sale, the proper distribution of the proceeds thereof and as to any rights in the distribution of any surplus.

"A judgment entered in a foreclosure action is final for all purposes of review, but in other respects it is interlocutory. All of the proceedings for the sale, including the advertising of the notice and the confirmation of the sale, take place thereafter. The provision barring others of their interest in, or of their rights of equity of redemption in the mortgaged premises, of necessity relates to the final, concluding act, that of a sale of the premises. Until that time the mortgagee or the owner of the equity of redemption may redeem, and persons having judgment liens thereon may sell upon execution, notwithstanding the judgment, but, as soon as the sale is made, confirmed, and conveyance delivered, that provision of the judgment becomes operative and of full force, and the parties to the action are forever thereafter barred and foreclosed of all their right, title, interest and equity of redemption." (*Nutt* v. *Cuming*, 155 N. Y. 308.)

In the event of a surplus, subsequent proceedings for the determination of rights thereto are not collateral, but within the action.

"A foreclosure suit cannot be said to have terminated until the surplus moneys have been disposed of in that suit. The court has not only the power, but it is its duty in that action to provide for the equitable disposition of the surplus money." (Thomas Mort. [3d ed.] p. 888.) (*Mutual Life Ins. Co. of N. Y.* v. *Bowen*, 47 Barb. 618.)

Section 1082 of the Civil Practice Act as it was in 1925 contained no provision for the disposition of surplus moneys; now, after providing for the sale of the mortgaged property, it reads: "All surplus moneys arising from the sale of the mortgaged premises * * * shall be deposited * * * within five days after the same shall be received and ascertainable, *to the credit of the* action, in a bank or trust company named by the court in the final judgment * * *, *subject to the further order of the court.*"

The judgment of foreclosure herein provides that the referee shall deposit the surplus money, if any, within five days after the same shall be received and be ascertainable, with the treasurer of Oneida county, subject to the further order of the court. This was in accordance with the requirement of rule 261 of the Rules of Civil

Practice which also provides: " If any part of the surplus moneys remain in court for the period of three months, the court, if no application has been made therefor, must, and if an application therefor is pending, may direct it to be invested at interest *for the benefit of the person or persons entitled thereto, to be paid on the direction of the court.*"   No steps herein were taken under rule 262 of the Rules of Civil Practice.

Numerous decisions have been cited which involve cases where the judgment had ceased to be a lien upon the real property at the time of the sale under foreclosure and of the conveyance, and, therefore, have no application to the situation which we have here, where the judgment was a lien upon the mortgaged property at the time of the sale.

Under the practice prior to 1830, the judgment itself would have determined the validity of the liens subsequent to the mortgage, the equities of the claimants, and would have directed the payment thereof.   The fact that the payment of the liens directed to be paid by the judgment was not for any reason actually made until long after the entry of the judgment would not, no matter how long delayed, have altered the right of any one entitled thereto, upon proper order, to receive the same.   The fact that a judgment which was a lien upon the realty at the time of the sale and after the judgment and before the payment had ceased to be a lien upon real estate generally would not have defeated the right to receive the amount decreed to be paid under judgment, because such right was determined by the judgment itself.

The amendments of the statute and the present provisions of the rules were not designed to alter rights, but to modify procedure. We have here a judgment which as to its interlocutory features has not been fully executed.   The lien of the judgment herein existing at the time of the sale and conveyance upon the mortgaged premises ceased by reason of and was barred by the judgment of foreclosure, and, under the law, attached to the value of the equity of redemption, which was money on deposit with the county treasurer, drawing interest, which, with the interest thereon, remains to be distributed in the action for the benefit of those entitled thereto.   These moneys were held and invested for the interest of the parties entitled thereto at and from the date of the payment into court, and the right of the defendant bank is not at all affected by the fact that its judgment has ceased, according to the provisions of section 510 of the Civil Practice Act, by reason of the lapse of ten years, to be a lien upon real estate generally; it ceased to be a lien upon the mortgaged premises at the date of the sale and conveyance.   Such is the view expressed in Thomas on Mortgages ([3d ed.], p. 900), where it is said:

" Where a judgment is. a .lien at the time, of the foreclosure sale it is payable out of the surplus, although ten years have elapsed from the date it was recovered before the institution of the surplus. proceedings." (Citing *Terry* v. *Fuller*, 60 Misc. 562.)

I am not unmindful of citations. which seem to record a confusion of thought on this subject. This is not a case where the claim had not been filed within the ten-year period, although it is my opinion that. even such a failure to file the claim would not, in and of. itself, alter the right to recover in the action, so long as the judgment. of foreclosure had not fully been executed.

In *Walker* v. *Carroll* (123 Misc. 712), to which attention has been called, the court said: " Though the judgment * * * was a lien on the surplus money at the time of the foreclosure sale, that lien had expired at the time the executrix filed her notice of lien on the surplus money, as more than ten years had expired. at that time since the docketing of the judgment in 1900, upon which the lien was predicated. In fact, twenty-two years had elapsed. The right of the executrix was not extant at. the time she filed the notice of lien and commenced these proceedings, as there was no lien by force of such judgment on such surplus money. * * * Moreover, there is a conclusive presumption of the payment of the judgment in question."

It is needless to pass here upon what might happen after the expiration of such a period as twenty years; rights then might be lapsed, under. the judgment of foreclosure itself.

I am not unmindful of the opinion in the case of *Velleman* v. *Rohrig* (193 N. Y. 439), where it was held that there could be an appeal to the Court of Appeals from an order in surplus money proceedings; but that in no wise affects the views above expressed. I am inclined, however, to the view that the distribution of. surplus moneys is not a special proceeding, but rather a proceeding in the action, and that, while the judgment. of foreclosure was final in respect of the rights of the mortgagee and the title to the property sold on foreclosure, and interlocutory in other respects and as to the distribution of surplus, which in the latter respect does not become final as to. the surplus until the final order of the court is entered making distribution thereof, of course there would be a right of appeal from such final order, which is, in effect, a final judgment.

Having determined that the rights of the defendant First National Bank and Trust Company of Utica, New York, and of its successor, First Citizens Bank and Trust Company of Utica, New York, it must now be determined as to what amount of the surplus it is entitled to. At the date of the foreclosure sale, February 7, 1925, the judgment of the First National Bank and Trust Company of

Utica, New York, amounted to the principal sum of $179.25, with interest thereon from January 8, 1924, to the date of sale, which interest amounted to $11.65, which, added to the total amount of the judgment, makes $190.90, a sum greater than the amount of the surplus, $188.14. This $190.90 was the amount then due the defendant bank from the defendant owner of the equity of redemption. Therefore, the First Citizens Bank and Trust Company of Utica, New York, is entitled to an order directing the county treasurer of Oneida county to pay over to it the total amount of such surplus, with the interest accumulated thereon to the date of payment, less his lawful fees.

Ordered accordingly.