■ JAMES P. ZETES, Respondent, v MILTON RICHMAN et al., Defendants, and TONAWANDA PUBLISHING CORP., Appellant. — Order unanimously reversed,

without costs, motion granted and complaint dismissed. Memorandum: Defendant Tonawanda Publishing Corp. (Tonawanda) appeals from the denial of its motion to dismiss the complaint against it for failure to state a cause of action (CPLR 3211, subd [a], par 7). Plaintiff's claim against Tonawanda is based on its reprinting of an allegedly libelous article written by Milton Richman, sports editor for United Press International (UPI) and disseminated by the UPI wire service, to the effect that pennies imprinted with the figure of a skier and the words "Lake Placid — Home of the Winter Olympics" and sold as souvenirs by plaintiff and his partner at Lake Placid during the 1980 Winter Olympics were pressed so thin that the impression wore off shortly after purchase. We reject Tonawanda's argument that plaintiff is a "public figure" who, to state a cause of action, must allege that Tonawanda acted with "'actual malice'" (*New York Times Co. v Sullivan,* 376 US 254, 280; see *Curtis Pub. Co. v Butts,* 388 US 130). On the contrary, we agree with the plaintiff that he is a private figure and that, inasmuch as the content of the article was "arguably within the sphere of legitimate public concern" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199), he must allege facts which if proven would establish that Tonawanda acted in a "grossly irresponsible manner" (*Chapadeau v Utica Observer-Dispatch, supra,* p 199; see *Gertz v Robert Welch, Inc.,* 418 US 323). Under this standard, however, the pleadings fail to state a cause of action. Tonawanda, as a republisher, was qualifiedly privileged to rely on the research of the original publisher unless it "'had or should have had, substantial reasons to question the accuracy of the articles or the *bona fides* of [the] reporter'" (*Karaduman v Newsday, Inc.,* 51 NY2d 531, 550, quoting *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 383). "[T]he existence of the privilege alone is enough to support a grant of summary judgment in favor of the defendant in the absence of some circumstance that would justify an inference of fault" (*Karaduman v Newsday, Inc., supra,* p 551). The pleadings are barren of facts suggesting the presence of such a circumstance; thus, plaintiff has raised no triable issue of fact as to whether Tonawanda was grossly irresponsible in proceeding with the republication. Nor does plaintiff dispute the statements in the affidavit of Robert Lowe, sports editor of Tonawanda, that he reasonably relied upon the research of UPI and Milton Richman, that he had no reason to doubt the truthfulness of the article, and that he did not know the plaintiff or bear him any ill will. (Appeal from order of the Supreme Court, Niagara County, Green, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.