■ RUST COMMUNICATIONS GROUP, INC., Doing Business as WHAM/WHFM RADIO, Appellant-Respondent, v 70 STATE STREET TRAVEL SERVICE, LTD., et al., Respondents-Appellants. —Order unanimously reversed, on the law, with costs to plaintiff, and plaintiff's motion granted. Memorandum: Plaintiff's motion for summary judgment dismissing defendants' counterclaim for libel should have been granted. The counterclaim alleges that plaintiff, the owner of a radio station,

broadcast a false news story that defendant Jacqueline Laney and her husband, who had conducted a travel agency, were wanted by the police in several States for cheating their customers. Since the subject matter of the broadcast was "arguably within the sphere of legitimate public concern", defendants may not prevail on their counterclaim unless they prove that plaintiff acted in a "grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199.)

In support of its motion for summary judgment, plaintiff submitted proof in evidentiary form that, in broadcasting the alleged libel, the person responsible for the news program relied upon a news item distributed by the U.P.I. wire service and upon substantially the same story appearing in a local newspaper, and had no knowledge of its falsity. Unless it had substantial reasons to question the accuracy of the information, plaintiff was entitled to rely upon these sources *(Karaduman v Newsday, Inc.,* 51 NY2d 531, 550; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 382-383, *cert denied* 434 US 969; *Zetes v Richman,* 86 AD2d 746). In opposition to the motion, defendant Laney submitted proof that she had done business with plaintiff's advertising staff and that one of the members of the advertising staff knew that she was divorced from her former husband and that only her former husband was wanted by the police. This is not a sufficient showing to raise an issue as to whether plaintiff had substantial reasons to question the accuracy of the news item. The knowledge of the employee in the advertising department cannot be imputed to plaintiff unless brought home to the persons having responsibility for the preparation and dissemination of the news broadcast *(see,* 3 NY Jur 2d, Agency and Independent Contractors, § 259; *Corrigan v Bobbs-Merrill Co.,* 228 NY 58, 68-70; *see also, New York Times Co. v Sullivan,* 376 US 254, 287; *Bytner v Capital Newspaper,* 112 AD2d 666). (Appeals from order of Supreme Court, Monroe County, Boehm, J.— summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.