497 P.2d 978

**Albert O. CALLAWAY and Laurette Callaway, Plaintiffs-Appellants,**

v.

**Sammy C. OLGUIN, Jr., and State Farm Mutual Insurance Company, a corporation, Defendants-Appellees.**

**No. 820.**

Court of Appeals of New Mexico.

May 12, 1972.

Bill Chappell, Jr., Branch & Dickson, Albuquerque, for plaintiffs-appellants.

R. D. Mann, John W. Bassett, Jr., Atwood, Malone, Mann & Cooter, Roswell, for appellee State Farm Mut. Ins. Co.

## OPINION

SUTIN, Judge.

The Callaways sued Olguin for personal injuries arising out of a motor vehicle accident. Olguin was uninsured. They sued State Farm Mutual Insurance Company on the basis of uninsured motorist coverage in policies issued to the Callaways. At the close of Mr. Callaway's testimony, the trial court directed a verdict in favor of defendants and against Mr. Callaway. It found Mr. Callaway was negligent as a matter of law, and such negligence was a contributing proximate cause of his injuries.

At the close of defendant Olguin's case, the trial court on its own motion directed a verdict in favor of Mrs. Callaway against Olguin, stating Olguin was negligent as a matter of law; that his negligence was a proximate cause of injuries alleged to have been suffered by her; that Mrs. Callaway was free of contributory negligence. The issue of the amount of damages allegedly suffered by Mrs. Callaway was submitted to the jury. The jury returned a verdict that Mrs. Callaway suffered no compensable injuries in the accident. Judgment was entered on both verdicts. The Callaways appeal.

We affirm.

■ Mr. Callaway contends the trial court erred in directing a verdict in favor of defendants on the basis of his contributory negligence. Mr. Callaway admitted that when his automobile was 60 to 70 feet from an intersection, moving north at twenty to twenty-five miles per hour, he looked both ways, but did not see the Olguin vehicle approaching from the east; that at this distance, his vision may have been obscured by mesquite and bushes; that he continued driving at the same rate of speed and did not look again; that when his vision was no longer obscured, he never saw the Olguin car until he was in the center of the intersection and the Olguin vehicle was four or five feet away; that he did not have time to apply his brakes. We affirm the trial court that Mr. Callaway was negligent as a matter of law, and his negligence proximately contributed to cause the accident.

■ Mrs. Callaway contends the trial court erred in accepting the jury verdict which awarded her damages "in the amount of $-0-Dollars."

·Mrs. Callaway claims that the verdict did not .comply with instruction No. 14, which reads in part: ..

If you find that Lauretta [sic] Callaway has sustained damages as a result of the accident in question, you must then fix the amount of money. * * * ...

Whether any of these elements of damages have been proved by the evidence is for you to determine. * * *

The instruction left it to the jury to determine whether damages had been proved. The verdict of $0 damages does not conflict with the instruction.

■ Mrs. Callaway then contends that the verdict of the jury in the amount of zero dollars did not comply with § 21–8–25, N.M.S.A.1953 (Repl. Vol. 4) as construed in Marr v. Nagel, 59 N.M. 21, 278 P.2d 561 (1964).

The statute reads in part:

When a verdict is found for the plaintiff in an action for the recovery of money, * * * the jury must also assess the amount of the recovery; * * *

The jury did not render a verdict for plaintiff. The trial court directed a verdict as to liability and submitted the question of damages to the jury.

Without objection by Mrs. Callaway, only one form of verdict was submitted to the jury on the question of damages. It read as follows:

We, the jury, find for Plaintiff Lauretta [sic] Callaway and award her damages in the amount of $———.

■ Under the verdict submitted to the jury, if it desired to find for defendants, it had no alternative but to enter the amount as $–0–Dollars. This was a verdict for the defendants. There is medical evidence as to Mrs. Callaway's condition on the day of the accident and shortly before trial. This evidence is such that the jury, weighing the credibility of the witnesses, could determine that even nominal damages had not been proved. See Wingerter v. Maryland Casualty Company, 313 F.2d 754 (5th Cir. 1963); Association of Western Railways v. Riss and Company, 112 U.S.App. D.C. 49, 299 F.2d 133 (1962).

Marr v. Nagel, supra, was an involved case, where, in answer to a specific interrogatory, the jury found substantial damages for a wife intervenor, and "$ none" for the husband for consequential damages resulting from loss of her services. This resulted in ambiguity, speculation and uncertainty because the answers of the jury did not clearly point out whether they intended to find for the husband or for the defendants. The factual situation in Marr v. Nagel, supra, distinguishes it from the present case.

Finally, Mrs. Callaway appears to contend that the conduct of the trial court upon receipt of the verdict and discharge of the jury, did not permit her "to poll the jury nor to request the court to return the jury to deliberations to assess damages." The record shows that upon receipt of the verdict, and before the jury was discharged, Mrs. Callaway's attorney did except to the verdict and requested the court to instruct the jury that damages have been proven. This contention has no merit.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.