■ PATRICIA LEVINE, Appellant, v. EDWIN A. KISS, Respondent.— In an action to recover damages for libel, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 5, 1973, in favor of defendant upon the dismissal of the complaint at the outset of trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal presented no questions of fact. Plaintiff alleged that she had retained the defendant physician to deliver her child in 1968. The child died two hours after delivery and an autopsy was performed several days later, on August 26, 1968. The written statement attributed to this defendant was added to the autopsy report on September 11, 1968. It accused plaintiff of possession of LSD, an hallucinogenic drug. Such possession is, by itself, a crime. Contrary to the trial court's statement, it was not necessary to allege possession with intent to sell. The statement was libelous per se and, hence, actionable without proof of special damages (*Klinck* v. *Colby*, 46 N. Y. 427, 430–431; *Moore* v. *Francis*, 121 N. Y. 199, 202–203). We are of the view, however, that an absolute privilege might attach to the statement. Depending upon the circumstances under which the autopsy was ordered and held, it could be considered the start of a judicial proceeding (See Public Health Law, § 4210; Administrative Code of. City of New York, § 878 1.0 *et seq.*; cf. *Wiener* v. *Weintraub*, 22 N Y 2d 330). This should be explored at the new trial. Additionally, a qualified privilege may be available to this defendant under the guidelines set forth in *Shapiro* v. *Health Ins. Plan of Greater N. Y.* (7 N Y 2d 56, 60–61). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.

■ JOYCE MANDEL, Respondent, v. LAWRENCE MANDEL, Appellant.— In an action in which a divorce judgment was granted, defendant appeals from two orders of the Supreme Court, Kings County, (1) one dated June 21, 1974, (a) granting plaintiff's motion to restrain defendant from proceeding with a motion in the Family Court wth respect to visitation rights as to the parties' minor child and (b) enjoining defendant from proceeding on all matters then pending before the Family Court and (2) the other dated July 10, 1974, which, *inter alia*, after a hearing, granted plaintiff's motion to punish defendant for contempt. Order dated June 21, 1974 affirmed. No opinion. Order dated July 10, 1974 modified, on the law, by (1) deleting from the first decretal paragraph the matter following the words "loss and injury", (2) deleting from the second decretal paragraph the words "civil and", (3) deleting the fourth and fifth decretal paragraphs and substituting therefor a provision directing that defendant forthwith pay $2,500 to plaintiff's attorneys as a counsel fee, (4) deleting from the seventh decretal paragraph the words "contempt both civil and criminal" and substituting therefore the words "criminal contempt" and (5) deleting the eighth decretal paragraph. As so modified, order affirmed. Respondent is awarded a single bill of costs to cover both appeals. Defendant was ordered to pay $2,500 as a counsel fee and not as a penalty for his contumacious behavior. Therefore, it was error for the order to characterize such payment as a fine for civil contempt. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Shapiro, JJ., concur.