■ VINCENT D. BYTNER, Respondent-Appellant, v CAPITAL NEWSPAPER, DIVISION OF THE HEARST CORPORATION et al., Appellants-Respondents.—Harvey, J. Cross appeals from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 18, 1984 in Albany County, which partially granted defendants' motion for summary judgment dismissing the complaint.

On May 29, 1983, a newspaper published by defendant Capital Newspaper, Division of the Hearst Corporation printed several pages of material concerning the death of Albany Mayor Erastus Corning. One page of the newspaper contained several photographs, including one of Corning as he was leaving a courthouse after having appeared in a very controversial case. The caption referring to the photograph read as follows: "Below, a solemn Corning leaves the Albany County Courthouse after appearing in the rugby court case on September 22, 1981. Vincent D. Bytner, who was defeated by Corning in a three-way mayoral race in 1973, is at the mayor's right." Contrary to the caption, the other person in the photograph was Irving Landa and not plaintiff.

Plaintiff considered the photograph and its caption to be

defamatory and in violation of his civil rights. He commenced the instant action seeking damages for defamation and for violation of Civil Rights Law §§ 50 and 51. On March 26, 1984, defendants moved for summary judgment dismissing the complaint. Special Term granted partial summary judgment to defendants by dismissing plaintiff's claim under the Civil Rights Law, but denied summary judgment as to the cause of action for defamation. Both parties appealed.

Defendants concede that they were mistaken in their identification of the person in the photograph, and admitted their error in a subsequent publication. However, they contend that the publication was not defamatory, as a matter of law.

The photograph was incorporated into the complaint. A fair observation of that which was portrayed in the photograph is that the man referred to in the caption as plaintiff was carrying on a one-sided conversation with Corning in a vociferous manner, accentuated by hand movements. The caption, although erroneous as to the identification of the person in the photograph, does not characterize the photograph in any manner. Initially, it is the responsibility of the courts to determine whether a publication can reasonably be interpreted as defamatory (*Silsdorf v Levine,* 59 NY2d 8, 12-13). Defamation has been defined as: "that which tends to injure 'reputation' in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him. It necessarily, however, involves the idea of disgrace" (Prosser and Keeton, Torts § 111, at 773 [5th ed 1984]). One's reputation is injured by: "words which tend to expose one to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace, or to induce an evil opinion of one in the minds of right-thinking persons, and to deprive one of their confidence and friendly intercourse in society" (*Kimmerle v New York Evening Journal,* 262 NY 99, 102).

The photograph, in and of itself, is not defamatory. As an ordinary citizen, the person portrayed in the photograph is within the bounds of proper conduct as generally established by his peers. Plaintiff's case is based upon innuendo. The caption states that plaintiff was a former candidate for Mayor of the City of Albany who was defeated by Corning. He has sworn to the fact that he received a number of telephone calls berating him for his conduct as portrayed in the photograph. It is conceivable that reasonable people could conclude it to be disgraceful for a former mayoral candidate to give Corning "a

piece of his mind" on the street in the presence of television cameramen and news photographers. If the publication can be construed to be defamatory, it is only because plaintiff became a public figure and, as a consequence thereof, was held to a higher standard of conduct by the public. It follows that under these circumstances, plaintiff must prove malice or reckless disregard for the truth on the part of defendant (*New York Times Co. v Sullivan,* 376 US 254, 286-288).

In this summary judgment motion, it was necessary for plaintiff to come forward with evidence which could reasonably be construed as indicative of malice or reckless disregard for the truth on the part of defendants (*see, Buckley v Litman,* 57 NY2d 516, 521; *Molina v Games Mgt. Servs.,* 89 AD2d 69, 74-75, *affd* 58 NY2d 523). In opposing a motion for summary judgment, it is incumbent upon a nonmoving party to come forward with matters of an evidentiary nature to demonstrate the presence of triable issues. General averments do not suffice. Plaintiff was required to assemble, lay bare and reveal his proofs in order to demonstrate that there exists a bona fide issue of fact as to the possible validity of his claim. Issues must be genuine and substantial to require trial and to warrant denial of a motion for summary judgment (*Roche v Hearst Corp.,* 53 NY2d 767, 769; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Both sides submitted affidavits. Essentially, the affidavits submitted by defendants, the moving parties, tended to establish that the misidentification of plaintiff as being portrayed in the photograph constituted, at worst, a negligent mistake. The affidavits establish without contradiction that all employees of defendant Capital Newspaper who had any responsibility for the publication or control thereof were unacquainted with plaintiff personally or by photograph. Plaintiff failed to submit evidence that any employees having responsibility for the publication had any knowledge of the erroneous nature of the notation prior to the publication. The failure to come forward with sufficient proof to create an issue of fact as to malice or reckless disregard for the truth on the part of defendants requires dismissal of the defamation action in its entirety.

It should be noted that no proof of pecuniary loss or loss of good reputation was offered. The existence of one or both is necessary to support a defamation action unless defamation per se is established (*Tufano v Schwartz,* 95 AD2d 852, *appeal dismissed* 61 NY2d 671; *France v St. Clare's Hosp. & Health Center,* 82 AD2d 1, 4-6; *see,* 43 NY Jur 2d, Defamation and

Privacy, §§ 1, 3, at 497, 500-501 [1985]; 44 NY Jur 2d, Defamation and Privacy, § 141, at 139-140 [1985]).

Special Term properly dismissed the civil rights cause of action. The publication was newsworthy and not for the purpose of advertising or trade.

Order modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the defamation cause of action; said cause of action dismissed; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.