713 P.2d 565

**Laura WAISNER, Plaintiff-Appellant,**

v.

**Larry JONES, Otero Federal Credit Union and Credit Union One, Defendants-Appellees.**

**No. 8064.**

Court of Appeals of New Mexico.

Jan. 14, 1986.

S. Thomas Overstreet, P.C., Alamogordo, for plaintiff-appellant.

Francis M. Selph, Alamogordo, for defendants-appellees.

**OPINION**

BIVINS, Judge.

Plaintiff sued for unlawful repossession of her vehicle. Defendant Credit Union One counterclaimed based on default in payment of the promissory note given by plaintiff. Following a jury trial in which the hereinafter described verdict was returned, plaintiff appeals, raising eight issues. We dismiss the appeal as premature, however, because plaintiff fails to appeal from a final order.

After plaintiff filed her brief-in-chief, defendant Credit Union One moved to dismiss the appeal. Defendant claims that an order entered August 16, 1984, granting defendant's Rule 60(b) motion, NMSA 1978, Civ.P. Rule 60(b) (Repl.Pamp.1980), and ordering a judicial sale, was not a final, appealable order, thus making plaintiff's ap-

peal premature under NMSA 1978, Civ. App. Rule 3(a) (Repl.Pamp.1984).

We first set out the relevant motions and orders following the jury verdict, and then analyze defendant's claim. Relevant to this appeal, the jury returned the following verdict on May 17, 1984: "We find for the Defendant CREDIT UNION ONE, in the sum of $ 0 , on the Counter Claim [sic] and against the Plaintiff on the Complaint."

■ The normal procedure in cases of inconsistent or ambiguous verdicts is for the court to direct the jury to return to the jury room to reach, upon further deliberation, an agreement on a correct form of verdict. *Marr v. Nagel*, 59 N.M. 21, 278 P.2d 561 (1954); *Sanchez v. Martinez*, 99 N.M. 66, 653 P.2d 897 (Ct.App.1982). If the jury fails to reach such an agreement, the appropriate remedy is to award a new trial. *Casarez v. Garcia*, 99 N.M. 508, 660 P.2d 598 (Ct.App.1983). This procedure, however, was not followed in this case. Instead, on May 18, 1984, Credit Union One moved for a judgment notwithstanding the verdict, NMSA 1978, Civ.P. Rule 50(b) (Repl.Pamp.1980), asking that the verdict awarding it zero damages be set aside and that judgment be entered for the amount of its indebtedness plus interest and costs. Defendant contended that reasonable minds could not differ as to plaintiff's default and the amount due. The motion stated that defendant moved for a directed verdict at the close of plaintiff's case and at the close of its case.

On June 1, 1984, plaintiff moved for a judgment on the verdict, asking that the judicial sale sought by defendant Credit Union One take place. Plaintiff requested that after crediting the defendant with zero amount, the balance should be paid over to plaintiff.

The trial court entered judgment, on June 26, 1984, dismissing plaintiff's complaint with prejudice. Defendant Credit Union One's counterclaim against plaintiff also was dismissed with prejudice.

On July 5, 1984, plaintiff moved for judgment n.o.v. or, in the alternative, for a new trial. Plaintiff also asked for delivery of the vehicle. The trial court entered an order, on July 25, 1984: (1) denying plaintiff's motions for judgment n.o.v. or new trial and for delivery of the vehicle; (2) denying defendant Credit Union One's motion for judgment n.o.v.

Defendant Credit Union One filed, on July 26, 1984, a motion for relief under Rule 60(b), and also for an extension of time to appeal. On August 16, 1984, the trial court entered an order granting defendant Credit Union One's Rule 60(b) motion and ordering the sale by a special master of the vehicle with the proceeds of sale deposited with the court "until a final determination can be made concerning the distribution of said proceeds."

It is the quoted language above that provides the basis for Credit Union One's motion to dismiss this appeal. It contends that because further action is contemplated, i.e., distribution of the proceeds of the sale, no final, appealable order has been entered. In making this argument, defendant relies on *Jemez Properties, Inc. v. Lucero*, 94 N.M. 181, 608 P.2d 157 (Ct. App.1979). *Jemez* held that the supreme court in *Albuquerque Productions Credit Association v. Martinez*, 91 N.M. 317, 573 P.2d 672 (1978), overruled by implication its earlier case of *Hoover v. City of Albuquerque*, 56 N.M. 525, 245 P.2d 1038 (1952). *Hoover* recognized that the order setting aside a judgment affected a substantial right and was thus appealable. *See* Civ. App.R. 3(a)(3). In *Martinez*, the supreme court quoted with approval from 7 *Moore's Federal Practice* ¶ 60.30[3], at 431 (2d ed. 1975), as follows:

An order granting a motion for relief under 60(b) must be tested by the usual principles of finality; and when so tested will occasionally be final, although probably in most cases it will not be. Thus where the court, in addition to determining that there is a valid ground for relief under 60(b), at the same time makes a redetermination of the merits, its order is final since it leaves nothing more to be adjudged * * *.

On the other hand, and this is probably a common situation, where the order granting relief merely vacates the judgment and leaves the case pending for further determination, *the order is akin to an order granting a new trial and is interlocutory and non-appealable.*

91 N.M. at 318–19, 573 P.2d 673–74 (emphasis added).

The August 16, 1984, order provided, in part:

2. That the consequence of the granting of said Motion is that that portion of

the jury verdict inconsistent with a finding that the Plaintiff was in default and allowing for foreclosure of the collateral is set aside and the Court finds that the Plaintiff, Laura Waisner was in default and that Defendant, Credit Union One is ordered to foreclose on the collateral.

The question before us, therefore, is whether the court's order was a redetermination on the merits. From the information before us, we cannot make such a determination. One conclusion, however, is clear: further action in this case was contemplated by the trial court, i.e., the foreclosure and sale of the vehicle and a determination of the method of distributing the proceeds of the sale.

In a similar situation, the supreme court held that a decree and order of sale of real estate to satisfy debts of an estate was a final, appealable order, as was the order confirming the sale. *Cooper v. Brownfield*, 33 N.M. 464, 269 P. 329 (1928). This rule, however, was modified in *Speckner v. Riebold*, 86 N.M. 275, 523 P.2d 10 (1974), where the supreme court adopted the following rule in *Best v. Patten*, 158 Misc. 8, 285 N.Y.S. 76 (1936), *rev'd on other grounds, In re Tharratts' Estate*, 248 App. Div. 678, 290 N.Y.S. 550 (1936):

> "A judgment of foreclosure is always final in part and interlocutory in part; final as to determining the rights of the plaintiff under the mortgage; interlocutory with respect to the sale; final as to the amounts to be paid to the mortgagor; interlocutory with respect to the legality of the proceedings upon the sale, the proper distribution of the proceeds thereof and as to any rights in the distribution of any surplus."

86 N.M. at 277, 523 P.2d at 525.

This language might answer our question that the August 16, 1984, order was final, but we do not find the essential ingredients of finality in that order. It does not determine the rights of the parties to the proceeds of the sale. We cannot view the provisions for the sale of the vehicle as final in the absence of an express determination that defendant Credit Union One is to receive so much of the proceeds as will satisfy the balance due it, together with interest and costs, with the balance, if any, to go to plaintiff. The jury found in favor of defendant Credit Union One on its counterclaim but awarded zero damages. Did the trial court, in its order of August 16, 1984, intend to hold defendant entitled to damages as a matter of law, or did it intend to distribute the proceeds of the sale to plaintiff pursuant to the request. We cannot tell.

In reaching this result, we find persuasive this court's holding in *Cole v. McNeill*, 102 N.M. 146, 692 P.2d 532 (Ct. App.1984). In that case, a default judgment on liability was entered against the defendants. The judgment reserved ruling on the issues of damages, interest on the awards, and attorney's fees, pending a hearing on those matters. Prior to the hearing, defendants moved to set aside the default judgment. The trial court denied the motion, and defendants appealed from that order.

In *Cole*, we recognized that "[a] judgment or decision is final if all issues of law and fact necessary to be determined are in fact determined, and the case is completely disposed of so far as the court has the power to dispose of it." *Id.* at 147, 692 P.2d at 533. Because the damages issues remained for decision by the trial court, this court ruled that the order denying the motion to set aside the default judgment was not final and, as such, not appealable.

That situation is directly analogous to the case at bar. The proceeds from the judicial sale have yet to be distributed. Therefore, an issue remains for decision by the trial court. The Rule 60(b) order, accordingly, is not final. Nor is this an order which affects substantial rights. *Jemez Properties, Inc. v. Lucero.* Finally, plaintiff did not seek an interlocutory appeal, pursuant to NMSA 1978, Section 39–3–4(A). We, thus, dismiss this appeal as premature.

The strong policy against piecemeal appeals reinforces the decision we reach. *Cole v. McNeill.* We, therefore, grant defendant's motion to dismiss the appeal, and remand the case to the district court for further proceedings. Plaintiff may appeal from the final order which determines the parties' rights to the proceeds of the sale. Each party shall pay its own costs.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.