JOHN R. LAKIAN *vs.* GLOBE NEWSPAPER COMPANY & another.[1]

Norfolk.  November 6, 1986. — March 10, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Libel and Slander. Damages,* Libel, Nominal damages.

A "public figure" plaintiff in a libel action, who accepted submission of the case to the jury on the basis that he would recover nominal damages only if they found that he had sustained an actual injury, thereby waived the benefit of any common law presumption of actual injury that would require the award of nominal damages to such a plaintiff on proof limited to falsity, defamation and actual malice. [382-384]

An appeal was inappropriate where the sole issue was a libel plaintiff's entitlement to nominal damages. [384]

CIVIL ACTION commenced in the Superior Court Department on August 26, 1982.

The case was tried before *George Jacobs,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Norman Ray Grutman* of New York (*Jewel H. Grutman* of New York & *Charles W. Morse, Jr.,* with him) for the plaintiff.

*Francis H. Fox* (*Jonathan M. Albano* with him) for the defendant.

WILKINS, J. On August 18, 1982, the defendant Globe Newspaper Company (Globe) published an article, written by the defendant Walter V. Robinson, concerning John R. Lakian, a candidate for the Republican nomination for Governor in the September, 1982, primary election. The article stated that "inquiry into Lakian's background found what appears to be a pattern of discrepancies between what he says and what the records show about his upbringing, schooling, military service and business career." The article continued, listing items in

[1] Walter V. Robinson.

support of this conclusion, reciting records apparently contradicting certain of Lakian's assertions, and quoting or summarizing statements made by Lakian to the defendant Robinson in the course of tape-recorded interviews. Eight days later Lakian commenced this action, which for our purposes may be treated solely as one for libel.[2]

The jury returned a special verdict on the libel count. They answered that Lakian did not prove the gist of the article was false and defamatory, that five paragraphs or parts of the fifty-five part article were false, and that Lakian had proved that three of those were defamatory[3] and published with the defendants' knowledge of their falsity or while having serious doubts about their truth.[4] The jury further answered "-0-" to the question: "What amount of money would fairly and reasonably compensate the plaintiff for any actual injury he has proved

[2] The complaint as finally amended also alleged counts based on false light invasion of privacy and intentional infliction of emotional distress. The jury found for the defendants on these two theories, and no question involving those counts is before us.

[3] Each of the false, defamatory paragraphs related to Lakian's alleged misrepresentations concerning the annual income of his investment management firm. These paragraphs were:

"A month ago, Lakian told The Globe that his investment management firm generated annual fees of between $4 million and $5 million. Pressed on that point this week, he conceded that those fees last year may have been under $3 million."

"Just last month, Lakian told The Globe that his firm, Fort Hill Investors Management Corp., earned fees of $4 million to $5 million a year."

"Lakian, pressed on that point this week after a Globe review of US Securities and Exchange Commission documents showed that his fee schedules were lower than he had stated, acknowledged that those figures were too high. He initially said a more correct range would be $2.5 million to $4 million. Later, he said that $2 million to $3.3 million 'would be a better bet.' "

[4] The Supreme Court of the United States has held that a public official who seeks to recover significant damages in a libel action must by clear and convincing evidence prove that the statement was published with "actual malice," that is, "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co*. v. *Sullivan,* 376 U.S. 254, 279-280, 285-286 (1964). Cf. *Curtis Publishing Co*. v. *Butts,* 388 U.S. 130, 162-165 (1966) (Warren, C.J., concurring) (extended to public figure).

he has suffered as a proximate result of the publication of the portion(s) identified in your answer [to the previous question, that is, identified as defamatory and published with actual malice]?"

The trial judge authorized entry of a judgment declaring that Lakian should recover nothing, dismissing each count of the amended complaint, and awarding the defendants their statutory ("token") costs under G. L. c. 261, § 23 (1984 ed.), and no discretionary costs. Lakian has appealed contending that, in response to the jury's special verdict, the judge was bound to enter a judgment on the libel count awarding him nominal damages and costs. We granted Lakian's application for direct appellate review and now affirm the judgment.

Lakian's argument is that, once the jury found that the defendants had published false, defamatory statements with knowledge of their falsity or while having serious doubts about their truth, he was entitled to an award of nominal damages as a matter of law. This argument assumes that, under the common law of the Commonwealth, a libel plaintiff who proves a publication to be false, defamatory, and made with malice is at least entitled to nominal damages and further assumes that constitutional rights of free speech and free press do not forbid an award of nominal damages to a public figure plaintiff such as Lakian.

The common law recognized liability for libel from the publication of a false statement which tended "to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community." *Stone* v. *Essex County Newspapers, Inc.*, 367 Mass. 849, 853 (1975). See *Ingalls* v. *Hastings & Sons Publishing Co.*, 304 Mass. 31, 33 (1939).[5] Awards of substantial sums for presumed damages could be upheld at common law without proof that the

[5] The common law simply assumed the existence of damage from the publication of a false statement that tended to hold the plaintiff up to scorn or contempt in the minds of a considerable and respectable segment of the community. W.L. Prosser & W.P. Keeton, Torts § 112, at 795 (5th ed. 1984). Damage was not an element of a cause of action for libel because the publication itself was an injury. Restatement of Torts § 569 comment c (1938); 2 F. Harper & F. James, Torts § 5.30, at 251 (2d ed. 1986).

libeled plaintiff had suffered any special harm or any injury to reputation. See Restatement (Second) of Torts § 621 comment a (1977); W.L. Prosser & W.P. Keeton, Torts § 112, at 795 (5th ed. 1984). See also *Carey* v. *Piphus,* 435 U.S. 247, 262 (1978). Further, there is authority requiring the award of at least nominal damages to any plaintiff who proves that he was defamed by the publication of false statements of fact. See *Jackson* v. *Longcope,* 394 Mass. 577, 579 (1985) ("[A] libel plaintiff who cannot prove damages is normally entitled to an award of nominal damages if he establishes that he was libeled . . ."); *Godin* v. *Niebuhr,* 236 Mass. 350, 353 (1920); W.L. Prosser & W.P. Keeton, Torts § 116A, at 845 (5th ed. 1984); Restatement (Second) of Torts § 620 (1977).

We need not decide in this case whether constitutional rights of free speech and free press restrict common law principles so as to forbid the award of nominal damages to a public figure plaintiff in the absence of proof of actual damages.[6] Lakian accepted as a premise for his right to a favorable judgment that he must prove that he sustained actual injury. He eschewed reliance on the presumption of actual injury which the common law recognized and which free press principles may or may not

---

[6] After *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323 (1974), this court undertook to "reaffirm" controlling principles on the subject of damages in libel actions in *Stone* v. *Essex County Newspapers, Inc.,* 367 Mass. 849, 860-861 (1975), and made no mention of nominal damages. We did assert that a "plaintiff's recovery is limited to actual damages, which are compensatory for the wrong done by the defendant." *Id.* at 860. The Supreme Court of the United States has not decided whether the protection of First Amendment rights bars recovery of nominal damages against a newspaper by a public figure plaintiff who proves publication of a false, defamatory communication with actual malice but fails to prove that he sustained any actual injury. One Federal District Court judge has held that, as a matter of Federal constitutional law, nominal damages may not be recovered in such circumstances. *Schiavone Constr. Co.* v. *Time, Inc.,* 646 F. Supp. 1511, 1518-1519 (D.N.J. 1986). See also *Jackson* v. *Longcope,* 394 Mass. 577, 580 (1985), stating that a libel-proof public figure plaintiff is not entitled to maintain an action solely for nominal damages. It has been suggested, however, that when a defendant has published a defamatory, false communication with actual malice, nominal damages are recoverable. Restatement (Second) of Torts § 620 comment c, at 319 (1977). See *Buckley* v. *Littell,* 539 F.2d 882, 897 (2d Cir. 1976), cert. denied, 429 U.S. 1062 (1977).

tolerate when the question is the award of nominal damages to a public figure libel plaintiff. Without objection, the judge instructed the jury that Lakian had to prove "that he suffered actual injury or harm as a proximate result of the publication in question." Again without objection, the judge told the jury that they could award nominal damages if they found that Lakian suffered some actual injury but that the proven actual injury was so insignificant as not to be reasonably measured in dollars.[7] Lakian did not request that the jury be advised that they must find nominal damages in such circumstances.

Under these instructions, the jury answered "-0-" when asked what amount of money would compensate Lakian for any actual injury he had proved. This was the only question which could have provided a jury determination that Lakian was entitled to nominal damages. Lakian did not object to the form of this question or to the absence of a question directly related to nominal damages. Because of the manner in which the case went to the jury, considering both the judge's charge and the form of the special verdict questions asked, the jury's answers justified the entry of a judgment dismissing the libel count. Lakian abandoned whatever presumption of actual injury survives today for a public figure libel plaintiff that would require the award of nominal damages on proof solely of falsity, defamation, and actual malice. He accepted submission of the case to the jury on the basis that he would obtain an award of nominal damages only if the jury found that he sustained actual injury.[8]

---

[7] The judge's words on nominal damages were: "If the plaintiff proves that a defendant is liable for damages, and that he has suffered some actual injury, but you conclude that there is no proof of serious harm to the plaintiff, and that the proven actual injury is so insignificant as not to be susceptible to reasonable translation into dollars, you may award nominal damages. The term 'nominal damages' means damages in name only, and can be represented, if awarded, by a token sum."

[8] There is from the jury's answer of "-0-" damages an implication, although it is not compelled, that the jury declined to award nominal damages because the defamatory, false portions of the Globe article caused no injury to Lakian when considered in connection with numerous other true but derogatory statements in the article. Just because the jury found various allegedly defamatory statements not proved to be false, we cannot properly assume

In the circumstances, the failure to award nominal damages would not be reversible error, even if under Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974), Lakian was entitled to entry of such a judgment in the trial court. Cf. *May* v. *Gillette Safety Razor Co.,* 18 Mass. App. Ct. 916 (1984) (personal injury action). Lakian could not properly receive statutory costs if he were to obtain a judgment in a nominal amount (see G. L. c. 261, § 4 [1984 ed.]), nor are there any discretionary costs he claims he would have had an opportunity to receive if he had received a nominal award. His sole goal is a judgment of vindication in a nominal amount. Such a judgment would add nothing, however, to what he has obtained from the answers the jury returned. Whatever vindication Lakian is entitled to claim comes from those answers. This appeal is inappropriate when the most Lakian could recover is $1.00. See *Jackson* v. *Longcope,* 394 Mass. 577, 580 (1985). To paraphrase our *Jackson* opinion, "we accept the principle that [a public figure libel plaintiff who has shown no actual injury] is not entitled to burden a defendant with [an appeal] in which the most favorable result the plaintiff could achieve is an award of nominal damages." *Id.*

*Judgment affirmed.*

that the jury found those statements to be true. It is, however, a reasonable prospect, in light of Lakian's recorded admissions of error and of documentary proof on other matters, that the jury found that the demonstration of Lakian's embellishment of the truth in other respects made the defamatory false statements of no effect on Lakian's reputation among readers of the article.