■ 60 MINUTE MAN, LTD., Appellant, v WAYNE KOSSMAN et al., Respondents. (Action No. 1.) C. GARY KOSSMAN et al., as Parents and Natural Guardians of WAYNE KOSSMAN, an Infant, Respondents, v DOMINICK PANUCCIO, Appellant. (Action No. 2.)—In an action, *inter alia,* to recover damages for the alleged wrongful taking and destruction of personal property (action No. 1) and an action to recover damages for slander (action No. 2), the plaintiff in action No. 1 appeals from so

much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered February 1, 1989, as denied its motion for summary judgment dismissing the counterclaim to recover damages for slander interposed on behalf of the infant defendant, and the defendant in action No. 2 appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents.

60 Minute Man, Ltd., instituted an action against Wayne Kossman and his parents to recover damages for Wayne Kossman's alleged willful destruction of its property, as well as for slander. Wayne Kossman's parents were joined as parties pursuant to General Obligations Law § 3-112 based on their status as Wayne Kossman's parents. The Kossmans interposed on behalf of Wayne Kossman a counterclaim alleging that 60 Minute Man, Ltd., slandered Wayne Kossman, injuring his reputation, by telling his parents that he took and sold drugs. The Kossmans also brought a separate action against Dominick Panuccio, president of 60 Minute Man, Ltd., who allegedly made the defamatory statement. Contending that the Kossmans cannot prove that Wayne Kossman was damaged, 60 Minute Man, Ltd., and Panuccio appeal from the denial of their motions for summary judgment dismissing the counterclaim to recover damages for slander in the first action and the complaint in the second action.

A defendant moving for summary judgment has the burden of establishing that the cause of action has no merit as a matter of law (CPLR 3212 [b]). In opposing a motion for summary judgment, it is incumbent on the nonmoving party to come forward with matters of an evidentiary nature to demonstrate the presence of triable issues *(see, Bytner v Capital Newspaper,* 112 AD2d 666, 668). However, 60 Minute Man, Ltd., and Panuccio's failure to make a prima facie showing that they were entitled to judgment as a matter of law requires denial of their motions *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851).

The alleged slanderous words accused Wayne Kossman of committing a punishable crime. Thus, the defamation alleged is slander per se *(Kolko v City of Rochester,* 93 AD2d 977; *Grinaldo v Meusburger,* 34 AD2d 586). Traditionally, the law presumes damage to the slandered individual's reputation so that the cause is actionable without proof of special damages *(Hinsdale v Orange County Publ.,* 17 NY2d 284; *Levine v Kiss,* 47 AD2d 544). While the First Amendment to the US Consti-

tution has been held to restrict the availability of presumed damages in some defamation cases *(see, Gertz v Robert Welch, Inc.,* 418 US 323, 349), the constitutional implications of defamation are different where, as here, the allegedly defamatory statement concerns a private individual *(Gertz v Robert Welch, Inc., supra),* and does not relate to issues of public concern *(see, Dun & Bradstreet v Greenmoss Bldrs.,* 472 US 749, 758-761). Indeed, where the defamatory speech has no "public concern" content, the rule against presumed damages does not apply *(Dun & Bradstreet v Greenmoss Bldrs., supra; see also,* Prosser and Keeton, Torts, at 109, [1988 Pocket Part, 5th ed]). Thus, the Kossmans need not establish damages as an element of their defamation cause of action, and their failure to do so does not require the granting of summary judgment *(Dun & Bradstreet v Greenmoss Bldrs., supra; Bytner v Capital Newspaper, supra).* And inasmuch as the presumption has effectively eliminated damage as a necessary element of the cause of action, we similarly reject the contention that summary judgment should have been granted because of Wayne Kossman's "admission" at his deposition that his reputation is still a good one.

Finally, since the publication of a defamatory statement can occur to a member of the defamed individual's family (Prosser and Keeton, Torts § 113, at 798 [5th ed]; 44 NY Jur 2d, Defamation and Privacy, § 60; *see, Kolko v City of Rochester, supra; Brunstein v Almansi,* 71 NYS2d 802, *affd* 273 App Div 809), we do not agree that a qualified privilege operates here to mandate granting summary judgment. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.