805 P.2d 621

STATE of New Mexico, Petitioner,

v.

Timothy DUNCAN, Respondent.

No. 19250.

Supreme Court of New Mexico.

Jan. 31, 1991.

Rehearing Denied Feb. 25, 1991.

Tom Udall, Atty. Gen., Margaret Mc-Lean, Asst. Atty. Gen., Santa Fe, for petitioner.

J. Michael Norwood, UNM Clinical Law Program, Albuquerque, for respondent.

## OPINION

MONTGOMERY, Justice.

The State petitioned for a writ of certiorari to the court of appeals, asking that we review this question: "Whether character evidence of an alleged coercer is a critical element of the defense of duress?" [1]

We agree with the State that it is not and that the court of appeals erroneously held that it is. However, we disagree with the State's further contention that the court of appeals erroneously ruled that the character evidence in this case should have been admitted into evidence and that the trial court's refusal of the evidence was reversible error entitling the defendant to a new trial. Rather, we believe that the court of appeals was right, but for the wrong reason. *See State v. Beachum*, 83 N.M. 526, 494 P.2d 188 (Ct.App.1972). Accordingly, we affirm the court of appeals' decision, but we issue this opinion to correct what we perceive as a significant error in the court's reasoning. We hold that the character of the coercer is *not* an element of the defense of duress. With this modification, the decision of the court of appeals, published herewith, is affirmed.

Since the court of appeals' opinion and this opinion will be published together, we refer to the former for a statement of the facts and issues on this appeal. We differ with the court's opinion only in its several statements that, *e.g.*, "the coercer's character was an essential element of the defense [of duress]."

■ As the court of appeals noted, the elements of the defense are set out in our Uniform Jury Instructions—Criminal, in SCRA 1986, 14–5130. The instruction required by that section was given in this case. From the wording of the section it appears that the elements of the defense are: (1) that the defendant committed the crime under threats; (2) that the defendant feared immediate great bodily harm to himself or another person if he did not commit the crime; and (3) that a reasonable person would have acted in the same way under the circumstances. The court of appeals' opinion would add a fourth element: that the person making the threats have a threatening, intimidating, or menacing character—*i.e.*, a propensity for carrying out the threats.

The term "element" when used with reference to a defense means a "constituent part" of the defense. *Cf. Smith v. State*, 89 N.M. 770, 774, 558 P.2d 39, 43 (1976) (discussion of term "element" as applying to definition of criminal offense); *State v. Hook*, 433 S.W.2d 41, 46 (Mo.Ct.App.1968) (element of crime defined as "constituent fact"). It is synonymous with the term "requirement" as used in the committee commentary to the uniform jury instruction. *See* SCRA 1986, 14–5130, committee commentary (requirement that defendant have "the full opportunity to avoid the act without danger" held covered by this instruction).

Thus, if a certain character on the part of the coercer is an essential element of the defense of duress, then in every case in which the defendant seeks to invoke the defense there will have to be proof that the coercer had the requisite character. We

---

**1.** This is how the question is phrased as presented in the petition. As suggested later in this opinion, a more accurate phrasing would be: "Whether an alleged coercer's character is a critical element of the defense of duress, so that evidence of that character is admissible under Rule 405(B) of the Rules of Evidence?"

know of no authority supporting this addition to the elements of duress.

■ Our holding does not mean that the court of appeals' decision must be reversed, because we agree with the court's result—namely, that the conviction must be set aside and the case remanded for a new trial because of the trial court's erroneous exclusion of the character evidence proffered by the defendant. That evidence was admissible, not because it tended to prove an element of the defense related to the *coercer*, but rather because it tended to establish an element related to the *accused*. The latter element was simply the fear that defendant claimed he was under based on his knowledge of Wiggington's character. The evidence, in other words, was relevant as tending to establish the defendant's state of mind, which *is* an essential element of the defense of duress.

The court of appeals apparently felt it necessary to describe Wiggington's character as an "essential element" of duress in order to qualify evidence of it as admissible under Rule 405(B) of our Rules of Evidence, SCRA 1986, 11–405(B). That rule provides: "In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of his conduct." Rule 405 deals generally with permissible methods of proving character and provides that when character is relevant it may be proved by testimony as to reputation or in the form of an opinion and, in cases to which Rule 405(B) applies, by evidence of specific instances of conduct. *See State v. Bazan*, 90 N.M. 209, 214, 561 P.2d 482, 487 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). We agree with the court of appeals that evidence of Wiggington's character was relevant as tending to prove defendant's reasonable apprehension that Wiggington would carry out his threats. Accordingly, it was provable under Rule 405(A) in the form of the psychologist's proffered opinion, and it was admissible under Rule 402 unless barred under Rule 404 or refused as unfairly prejudicial, confusing, etc., under Rule 403.

As to Rule 403, we agree with the court of appeals that, even though application of this rule rests in the sound discretion of the trial court, *Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 589 P.2d 1037 (1979), it was of such importance to defendant's defense that its exclusion on this ground would have been an abuse of discretion. And, in any event, it does not appear that the trial court excluded it under Rule 403; the trial court plainly thought that evidence of Wiggington's character was barred by Rule 404 and refused it on that ground.

■ As to Rule 404, that rule provides in pertinent part: "Evidence of a person's character or a trait of his character is not admissible *for the purpose of proving that he acted in conformity therewith* on a particular occasion, except: ...." SCRA 1986, 11–404(A) (emphasis added). The exceptions relate to evidence of an accused's character when offered by the accused (or by the prosecution in rebuttal), evidence of a victim's character, and evidence of a witness's character. None of the exceptions applies here because the evidence did not relate to the character of the accused, a victim, or a witness. But neither does the general exclusion in Rule 404(A) apply. The evidence of Wiggington's character was not offered to prove that he acted in conformity therewith on the occasion in question; it was offered to prove that his character induced, or at least contributed to, a certain state of mind—fear—on the part of the defendant. As so offered, the evidence was neither admissible nor excludable under Rule 404(A). The rule simply did not apply to this particular piece of evidence. *See* 1A Wigmore, *Evidence* § 69 (1983) (evidence of character may be used for purposes other than showing likelihood that person did or did not commit act alleged, such as to show that character affected person's belief or reasonable grounds for belief); 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[08], at 404–52 (1990) (only one series of evidential hypotheses is forbidden by Rule 404: that person with character defect is more likely to have committed act in question).

Summarizing, we hold that the psychologist's opinion of Wiggington's character was admissible under Rule 405(A), because that character was relevant under Rule 401 and therefore admissible under Rule 402 and not excludable under Rules 403 or 404. In addition, although this aspect was not discussed by the court of appeals, evidence of Wiggington's prior acts of a threatening nature, while not admissible to prove his character, was admissible, to the extent defendant could show he had knowledge of such prior acts, under the second sentence of Rule 404(B): "[Evidence of other acts may] be admissible for other purposes [than to prove character], such as proof of motive, opportunity, intent, * * *, knowledge," etc.

The decision of the court of appeals is affirmed, and the cause is remanded to the district court for a new trial.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.