856 P.2d 251

**Mary COWAN, Plaintiff–Appellee,**

v.

**David POWELL, Defendant–Appellant.**

**No. 13522.**

Court of Appeals of New Mexico.

June 24, 1993.

John W. Reynolds, Silver City, for plaintiff-appellee.

Anthony F. Avallone, Thomas R. Figart, Law Systems of Las Cruces, P.A., Las Cruces, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant David Powell (Defendant) appeals from a jury verdict for Plaintiff Mary Cowan (Plaintiff) in which the jury awarded Plaintiff zero dollars in damages in a defamation case. Although Defendant raises four issues on appeal, he fails to indicate in his brief-in-chief how two of these issues were preserved below. Thus, we do not address them. *See* SCRA 1986, 12–213(A)(3) (Repl.1992) (brief-in-chief required to contain argument stating how each issue was preserved below). We consolidate the remaining two issues and rephrase them as one issue—whether a verdict for Plaintiff but awarding Plaintiff no damages is, as a matter of law, a verdict for Defendant. The answer to this question determines which party was the prevailing party and therefore entitled to an

604

award of costs in the trial court. We hold that, under the two-step process established for defamation suits under New Mexico's uniform jury instructions, *see* SCRA 1986, 13–1002 and 13–1010 (Repl.1991), the jury's verdict was one in favor of Plaintiff and was not inconsistent. We thus conclude that the trial court did not err in refusing to grant Defendant's motion for judgment notwithstanding the verdict and in awarding costs to Plaintiff.

**FACTS**

Plaintiff, an administrator at Western New Mexico University (University), sued Defendant, a University professor, for defamation. Among other instructions, SCRA 13–1002 and SCRA 13–1010 were given to the jury. Additionally, two verdict forms were submitted to the jury. One stated, "We find for the Plaintiff in the sum of $___ for actual damages and award $___ for punitive damages." The other verdict stated, "We find for Defendant Powell." The jury verdict entered stated, "We find for the Plaintiff in the sum of $0 for actual damages and award $0 for punitive damages. Signed, Jim Matthews, Foreman."

After the jury was excused, Defendant moved for judgment notwithstanding the verdict, requesting the trial court to enter judgment for Defendant. The trial court denied the motion and rendered a judgment on the verdict, awarding Plaintiff $1,620.10 as costs.

**DISCUSSION**

▌ Generally, when a jury verdict is contradictory or confusing, the trial court has a duty to point out the inconsistency to the jury and send the verdict back with appropriate instructions to agree on the correct form of a verdict. *See Marr v. Nagel*, 59 N.M. 21, 32, 278 P.2d 561, 567 (1954); *Waisner v. Jones*, 103 N.M. 749, 750, 713 P.2d 565, 566 (Ct.App.1986). If the jury fails to reach an agreement on the verdict, the appropriate remedy is to grant a new trial. *Waisner*, 103 N.M. at 750, 713 P.2d at 566. This procedure was not followed in this case. Instead, Defendant moved for judgment notwithstanding the

verdict, requesting the trial court to enter judgment for Defendant. Defendant argues on appeal, as he did in the trial court, that, as a matter of law, the jury verdict was essentially a verdict for Defendant because it indicated that Plaintiff failed to prove damages.

SCRA 13–1002(B), which outlines the various elements of a cause of action for defamation, states in part:

> To establish the claim of defamation on the part of defendant, the plaintiff has the burden of proving each of the following contentions:
>
> . . . .
>
> (8) The communication proximately caused actual injury to plaintiff's reputation. . . .

SCRA 13–1010 states in part:

> If you should decide in favor of the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate plaintiff for the actual injury proximately caused by the defamatory communication.
>
> Plaintiff claims and has the burden of proving that the defamatory communication proximately caused one or more of the following injuries:
>
> . . . .
>
> In determining the amount of damages, you may only award money to compensate for the above-listed actual injuries proved by the plaintiff to have been suffered by [him] [her]. It is not necessary for plaintiff to present evidence which assigns an actual dollar value to the injuries. In determining compensation for plaintiff's actual injuries, if any, you should follow your conscience as impartial jurors, using calm and reasonable judgment and being fair to all parties.

▌ These jury instructions clearly establish a two-step process for reaching a verdict: the jury first determines, under SCRA 13–1002, whether the plaintiff was defamed and then, under SCRA 13–1010, determines the amount of compensation, if any, the plaintiff should receive. SCRA 13–1010 does not expressly prohibit, should the jury decide in favor of the plaintiff, the

award of zero dollars in damages. Additionally, SCRA 13–1002 required Plaintiff only to prove that she suffered actual injury to her reputation as one of the elements of the cause of action; it did not require that she prove that the injury was for monetary damages. *Cf. Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 429, 773 P.2d 1231, 1236 (1989) (actual injury in defamation action not limited to out-of-pocket loss). Although the issue raised in this appeal may have been avoided had the jury awarded Plaintiff some nominal amount such as one dollar or one cent in damages, common sense would tell us that that is exactly what the jury was attempting to do by its verdict—find that Plaintiff had indeed been injured but that she sustained very little or nominal damages. In either case, it is ultimately a symbolic gesture indicating both a moral and legal victory of sorts. We thus determine that the portion of the verdict finding Defendant liable to Plaintiff was not nullified by the award of zero dollars in damages. This determination is reinforced by the jury's rejection of the form of verdict stating "We find for Defendant Powell."

We believe our holding is supported by well-established New Mexico law that jury instructions are to be considered as a whole. *State v. Duncan*, 113 N.M. 637, 644, 830 P.2d 554, 561 (Ct.App.1990), *aff'd*, 111 N.M. 354, 805 P.2d 621 (1991). Additionally, since the uniform jury instructions were adopted, trial courts must give them without substitution or substantive modification. *Id.* Here, the trial court presented SCRA 1986, 13–2002 (Repl.1991), which directs the jury to consider the instructions given as a whole, without emphasizing one instruction or disregarding others. There is a presumption that jurors will follow the instructions they are given. *State v. Clark*, 108 N.M. 288, 310, 772 P.2d 322, 344, *cert. denied*, 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 271 (1989). Thus, we presume the jury here applied the analysis set out in the instructions: first, determining whether Plaintiff had established Defendant's liability, and next, determining the amount of damages that would compensate her.

The New Mexico cases relied upon by Defendant, *Marr*, 59 N.M. at 31–33, 278 P.2d at 567–68, and *Callaway v. Olguin*, 83 N.M. 767, 497 P.2d 978 (Ct.App.1972), do not compel reversal. First, they were decided before the adoption of the Uniform Jury Instructions.

Second, the fact situations in both *Marr* and *Callaway* are distinguishable. In *Marr*, a personal injury case, special interrogatories were submitted to the jury. One asked the jury to determine whether the defendants were negligent in causing the auto accident. The jury answered this interrogatory affirmatively. The jury was then asked to assess damages, if any, in favor of Marr, Russell, and J.V. Russell. They awarded damages to Marr and Russell, who were involved in the accident, but wrote "none" next to the name of J.V. Russell, Russell's husband. The jury was not asked whether it found in J.V. Russell's favor and against the defendants on his claim for deprivation of the services of his wife. Consequently, the jury's verdict was confusing because it was not clear whether the jury intended to find for J.V. Russell on his cause of action. *Marr*, 59 N.M. at 30–31, 278 P.2d at 567–68.

In *Callaway*, the trial court had directed a verdict for the plaintiff on the issue of liability, and the only issue submitted to the jury was the amount of damages. *Callaway*, 83 N.M. at 768, 497 P.2d at 979. The jury's only option, if it wanted to find for the defendant, was to award the plaintiff zero dollars in damages. *Id.* at 769, 497 P.2d at 980. On the other hand, under the facts of this appeal, the jury had the option under the instructions of finding for Defendant. It clearly rejected that option under the form of verdict it elected to adopt. Thus, unlike in *Marr*, the verdict was not ambiguous, and, unlike in *Callaway*, the verdict was not intended to be a verdict for Defendant.

The other cases relied upon by Defendant are also unpersuasive. *Schiavone Construction Co. v. Time, Inc.*, 646 F.Supp. 1511 (D.N.J.1986), *aff'd in part and rev'd in part*, 847 F.2d 1069 (3d Cir.

1988), is inapplicable to the facts of this appeal because the case concerned the trial court's determination that the plaintiff was "libel-proof." As a result, the plaintiff could not maintain a cause of action for libel. *Bytner v. Capital Newspaper, Div. of Hearst Corp.*, 112 A.D.2d 666, 492 N.Y.S.2d 107 (1985), *aff'd*, 67 N.Y.2d 914, 501 N.Y.S.2d 812, 501 N.Y.S.2d 812 (1986), involved the dismissal of the plaintiff's cause of action because the plaintiff, a public figure, had failed to prove the malice or reckless disregard required by *New York Times Co. v. Sullivan*, 376 U.S. 254, 286–88, 84 S.Ct. 710, 729–730, 11 L.Ed.2d 686 (1964). *Bytner*, 492 N.Y.S.2d at 109. Neither case included facts analogous to this appeal.

Although *Lakian v. Globe Newspaper Co.*, 399 Mass. 379, 504 N.E.2d 1046 (1987), appears similar to the facts of this appeal in that the jury, seemingly contradictorily, determined that portions of an article about the plaintiff were defamatory but nonetheless did not award the plaintiff any damages, *Lakian* also does not require reversal. In that case, the trial court entered a judgment that the plaintiff would recover nothing and awarded the defendants their token statutory costs. *Id.* 504 N.E.2d at 1047. The plaintiff argued he was entitled to nominal damages as a matter of law. *Id.* The court rejected his argument because he had allowed the jury to be instructed that the plaintiff had to prove actual injury and that the jury "may" award nominal damages if actual but insignificant injury was proven. *Id.* at 1048. The jury was not required to award nominal damages. *Id.* In this circumstance, the plaintiff accepted that he would receive

nominal damages only if actual injury was found. *Id.* at 1049. Additionally, the court disapproved of the plaintiff's taking an appeal when the most he could gain was nominal damages of $1.00. *Id. Lakian* did not hold that, as a matter of law, the jury's verdict was a verdict for the defendants.

Finally, none of these cases apparently involves jury instructions similar to New Mexico's uniform jury instructions. We thus decline to follow them.

**CONCLUSION**

We hold that SCRA 13–1002 and 13–1010, read together, establish a two-step process under which the jury first determines whether the defendant is liable for defamation and then decides the amount of damages to be awarded. We also hold that the jury instructions do not require a plaintiff to prove that her injuries have a monetary value as part of her case. We thus conclude that, under the peculiar procedural facts of this appeal, the trial court did not err in refusing to grant Defendant's motion for judgment notwithstanding the verdict and in entering a judgment awarding costs to Plaintiff. We therefore affirm.

IT IS SO ORDERED.

ALARID and CHAVEZ, JJ., concur.