**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-2678

ALEXANDER JOURJINE,

Plaintiff, Appellant,

v.

NOKIA CORP., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella, Boudin and Howard,
Circuit Judges.

Dr. Alexander Jourjine on brief pro se.
Joseph L. Kociubes, Jonathan M. Albano, Jason L. Watkins,
Francesca L. Miceli and Bingham McCutchen LLP, on brief for
appellees.

March 6, 2009

**Per Curiam**.  Alexander Jourjine filed suit against Nokia Corp., Nokia, Inc., and Nokia Svenska AB for defamation and intentional infliction of emotional distress.  Nokia Corp. is a Finnish corporation (hereinafter "Nokia Finland").  Nokia, Inc. is a U.S. corporation incorporated in Delaware with a principal place of business in Dallas, Texas (hereinafter "Nokia U.S.").  Nokia Svenska AB is a Swedish corporation (hereinafter "Nokia Sweden").  Nokia U.S. and Nokia Sweden are each subsidiaries of Nokia Finland, the parent corporation.

Before trial, Nokia Sweden was dismissed for lack of in personam jurisdiction.  At the close of the evidence, the court granted Nokia U.S.'s request for judgment as a matter of law on the claim against it for intentional infliction of emotional distress.[1]  The remaining claims went to the jury.

The jury rejected the one remaining claim -- the defamation claim -- against Nokia U.S.  It also rejected the intentional infliction of emotional distress claim against Nokia Finland.  As for the defamation claim, the jury found that Nokia Finland had negligently published one or more false and defamatory statements of and concerning Jourjine that were not privileged (or, if privileged, the privilege was abused), but that the publication did not cause Jourjine to suffer any injury.  Accordingly, the

---

[1]Jourjine makes no developed argument directed at this ruling. We deem any argument waived.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

court entered a judgment in favor of the defendants.  Jourjine has appealed.

## I.

Jourjine challenges the district court's dismissal of Nokia Sweden for lack of in personam jurisdiction.  The district court concluded that Jourjine had failed to demonstrate that the court had specific jurisdiction over Nokia Sweden.[2]  We review, *de novo*, the district court's decision.  Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).  Upon *de novo* review, we agree with the district court.  Jourjine failed to show *any* in-forum activity by Nokia Sweden, much less contacts that were related to Jourjine's claims of defamation or intentional infliction of emotional distress.

## II.

Jourjine contends that the jury instruction improperly precluded a finding of defamation per se.  He suggests that a correct instruction on defamation per se would have required the jury not only to determine whether the defendant "was negligent in ascertaining whether the statement was true or false" but also

---

[2]Although Jourjine also argues that the district court had general jurisdiction over Nokia Sweden, the district court concluded that Jourjine had only argued specific jurisdiction, making but a passing reference to general jurisdiction in a footnote to his memorandum.  Jourjine has ignored this district court finding of an effective waiver.

whether the defendant was negligent in ascertaining whether the statement was defamatory.

We need not decide whether Jourjine's present contention has any merit.[3]  It is clear that this contention was affirmatively waived at the charge conference where counsel conceded that Jourjine's claim was that, if there was negligence, it was negligence in determining whether the statements were true or false and that, because he claimed it was defamatory per se, he was not claiming the defendants were negligent in determining whether it was defamatory.  Tr. 9/18/2007 at pp. 67-68.[4]

On appeal, Jourjine contends that, because the jury found that Nokia Finland had defamed him, he was entitled to nominal damages.  Jourjine, however, never requested an instruction on nominal damages and did not object either to the district court's failure to instruct on nominal damages or the verdict form which did not provide for assessment of nominal damages.  This claim is, therefore, forfeit and the plain error standard applies.  Jourjine makes no plain error argument.  In any event, we find no plain error.  See Acevedo-Luis v. Pagan, 478 F.3d 35, 39 & n.3 (1st Cir.

---

[3]And, in view of the fact that the jury *did* find one or more of the statements defamatory, Jourjine's present complaint that the jury instruction precluded a finding of defamation per se is somewhat puzzling.

[4]We also reject Jourjine's contention that the jury instructions excluded any possibility of finding malice.  Jourjine did not object to the court's instruction and his argument does not demonstrate plain error by the court.

- 4 -

2007) (finding no plain error in failing to issue a nominal damages instruction); see also Lakian v. Globe Newspaper Co., 399 Mass. 379, 383-84, 504 N.E.2d 1046, 1048-49, (1987) (holding that the failure to award nominal damages is not reversible error when plaintiff did not object to the verdict form nor the absence of a jury question directly related to nominal damages).[5]

### III.

Jourjine argues the merits of a postjudgment motion that he filed in the district court pursuant to Fed. R. Civ. P. 60(b). However, the denial of such a Rule 60(b) motion is not encompassed within an earlier-filed appeal of the underlying judgment. It requires a separately-filed notice of appeal. Williams v. Chater,

---

[5]Jourjine suggests that counsel objected after the verdict was rendered. The objection, however, was not specifically directed at the court's failure to instruct on *nominal* damages. Rather, counsel argued that the jury, having found the statement to be defamatory, was required to find damages. The court responded that the jury could find the action wrongful but that Jourjine had suffered no injury or, if Jourjine had suffered injury, he had not demonstrated that the injury had been caused by the defamation. Even assuming that counsel's post-verdict position is correct, i.e., that a jury having found defamation is required to find damages, counsel, nonetheless, did not request such an instruction, did not object to the court's failure to give such an instruction, and did not object to the verdict form which did not provide for such a finding. We would find no plain error.

Jourjine makes a passing complaint that the district court failed to mention "special damages." Under Massachusetts law, however, "special damages" refers to economic loss, Ravnikar v. Bogojavlensky, 438 Mass. 627, 630, 782 N.E.2d 508, 511 (2003), and the district court instructed on the recovery of compensatory damages for economic loss. The court's use of the term "compensatory" instead of "special", to which Jourjine did not object, was not error.

87 F.3d 702, 705 (5th Cir. 1996); Goffman v. Gross, 59 F.3d 668, 673 (7th Cir. 1995); Karras v. Karras, 16 F.3d 245, 247 (8th Cir. 1994); see also Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979) (noting that if the Rule 60(b) motion is denied by the district court *and the denial appealed*, we will entertain a request to consolidate the Rule 60(b) appeal with the pending appeal from the final judgment where feasible) (emphasis added).

Jourjine failed to file a notice of appeal from the district court's denial of his Rule 60(b) motion. Accordingly, the arguments directed at the Rule 60(b) motion are not properly before us and we will not address them.

IV.

Jourjine argues that he should be permitted to raise new claims in his appellate brief. There is no basis for permitting the raising of new claims.

The judgment of the district court entered on September 20, 2007 is affirmed.